FREDERIKSEN v. EMPLOYERS' LIABIL-
ITY ASSUR. CORPORATION, LIMITED,
OF LONDON, ENGLAND, et al.

Circuit Court of Appeals, Ninth Circuit.
April 30, 1928.

No. 5333.

Insurance ⊛⇒435—Liability policy, including
another's use of automobile with insured's
permission, held not to cover another's liabil-
ity incurred on unauthorized joy ride.

Where friend of owner of automobile, hav-
ing received permission to take it for purpose of
going to an early funeral, took additional joy ride
in afternoon to town 40 miles away, driver's lia-
bility for injuries on return trip were not within
owner's liability insurance policy, covering lia-
bility of person using or operating car "with the
permission of the named assured," in action by
person injured to recover from insurer.

In Error to the District Court of the
United States for the Southern Division of
the Northern District of California; George
M. Bourquin, Judge.

Action by Arthur Frederiksen against the
Employers' Liability Assurance Corporation,
Limited, of London, England, and another.
Judgment for defendants, and plaintiff
brings error. Affirmed.

The owner of an automobile took out
combination policies of insurance, one pro-
vision whereof was that the word "assured,"
whenever used, should include also any per-
son or persons riding in or legally operating
the automobile, and extending the provisions
of the policy to any person legally operat-
ing the same, provided such use or operation
"is with the permission of the named as-
sured," or "with the permission of an adult
member of his family." The policy holder
gave to one Bryson, his friend, permission
to take the car for the purpose of going to
an early morning funeral in Oakland. Bry-
son obtained the car, attended the funeral
services, and went to the cemetery in Oak-
land. After the funeral was over, he and
some of his companions used the car in go-
ing around in Oakland until about noon.
It then occurred to them that it would be
a pleasant afternoon's and evening's amuse-
ment for them to keep the car and drive to
Livermore, 40 miles away. Bryson endeavor-
ed to obtain by telephone the owner's permis-
sion, but was unable to get in touch with
him. Explaining his further use of the car,
he testified, "As long as I was a friend of
his, and he was a friend of mine, I just took
that chance." About midway on the return
trip from the joy ride to Livermore, about
6 o'clock in the evening, there was a colli-
sion with another automobile, and the plain-
tiff, who was in the latter, was injured. He
recovered a judgment against Bryson, but
was unable to satisfy the same, and there-
upon brought in the court below the pres-
ent action to recover upon the insurance
policies. The companies defended on the
ground that Bryson was not using the auto-
mobile with the owner's consent at the time
or place of the accident. On the trial the
court granted a motion for a directed ver-
dict in favor of the defendants.

Frank M. Carr and Stanley R. Sterne,
both of Oakland, Cal., for plaintiff in er-
ror.

Redman & Alexander, of San Francisco,
Cal., for defendants in error.

Before GILBERT, RUDKIN, and DIET-
RICH, Circuit Judges.

GILBERT, Circuit Judge (after stating
the facts as above). That the trial court
properly instructed the jury to return a ver-
dict for the defendants is too plain to re-
quire discussion. By no permissible con-
struction of the terms of the insurance pol-
icies can it be held that Bryson at the time
of the accident was using the automobile
with the permission of the insured, or with
the permission of any member of his family.

The plaintiff in error relies upon the case
of Dickinson v. Maryland Casualty Co., 101
Conn. 369, 125 A. 866, 41 A. L. R. 500.
But the facts in that case were distinctly
different from those in the case at bar. The
policy in that case protected the owner of
the automobile and any person driving or
legally operating the same, "provided such
use or operation is with the permission of the
named assured." The insured gave permis-
sion to another to use the car for the pur-
pose of going home and changing clothes.
Instead of doing that, he drove first to a
saloon, there took in three passengers, and
drove more than a mile directly away from
his home to another drinking place, thence
to a third place, then started back toward
the garage, intending to find out on the way
whether he still had time to go home and
change his clothes; if not, to return the car
to the garage. The car skidded into a tree,
and one of the passengers was killed. The
majority of the court, two of the five judg-
es dissenting, held that, the owner hav-
ing given permission to another to take the
car and operate it on the streets of New
Haven in order to go to his home, it would
be an unreasonable curtailment of the per-
mission granted to hold that any deviation
or departure from the purpose so indicated
annulled the permission, that the deviations
from the permitted use were slight, and in

the use of a swiftly moving automobile were too unimportant to have attached to them the import of annulling the protective features of the insurance policy.

It may be conceded that slight deviations by one who has been permitted by the insured to use an automobile for a specified purpose does not destroy the insurer's liability for injuries to the driver or his guests, but that is far from saying that the permission to use an automobile to attend a funeral in the morning in the city in which the insured resides carries with it permission to use the automobile in the afternoon for a joy ride many miles beyond the city limits.

The judgment is affirmed.