## TRZICH v
## UNITED STATES CASUALTY CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided July 23, 1935

L. L. George, Youngstown, H. E. Carlyle, Youngstown, and Fred J. Heim, Youngstown, for plaintiff in error.

Wm. E. Pfau, Youngstown, for defendant in error.

GUERNSEY and KLINGER, JJ, (3rd Dist) sitting by designation.

## OPINION

By GUERNSEY, J.

It is contended by the plaintiff in error that the omnibus provision of the policy above set forth extended coverage even in the absence of the permission of the named assured to "any person, firm, corporation or association while legally using any such automobile," and that the phrase in the omnibus provision "provided that such use is with the permission of the named assured", applies only to the clause in the omnibus coverage immediately preceding it and not to the entire part of the paragraph preceding it with reference to extension of coverage to others than the named assured. If plaintiff's contention in this respect is correct, the plaintiff is entitled to recover in this action, notwithstanding that the evidence shows that McClintock at the time of the collision between the car driven by him and the plaintiff was operating the automobile of The Jost Tire and Service Company without the permission of such company.

From an inspection of the omnibus clause referred to, it will be noted that the clause "including also any other person, firm, corporation legally responsible for the use thereof", is an amplification by way of definition of the preceding clause "any other person, firm, corporation or association while legally using any such automobile", and that the two clauses read together determine the class of persons to whom the coverage is extended. The provisos following the words "legally responsible for the use thereof", apply to the first above quoted clause as amplified by the second above quoted clause and the coverage is extended to persons other than the named assured only in the event that the disclosed and actual use of such automobile is 'pleasure and business,' or 'commercial' as defined in the policy and in the further event that such use is with the permission of the named assured.

In our opinion, the terms of the policy in this respect are plain and explicit and the meaning is clear and free from doubt and need no construction.

This holding is in accordance with the general rule stated in the second paragraph on page 1387 of Volume 72, A.L.R., as follows:

"In many of the clauses, as appears from the foregoing, the words relating to permission or consent are somewhat removed from the descriptive words 'riding in', 'operating' and so forth. Yet, in all cases involving the operation of the clause with respect to a person 'riding in', the car, or to a person 'operating' the car, as the case may be, the words relating to permission or consent have been regarded applicable to such person."

"Under a clause of this character, to entitle one other than the named assured to indemnity on account of an accident in which the car was involved, the use or operation of the car at the time of such accident must have been with the 'permission' ('or consent') of the named assured, etc., within the meaning and intent of the clause."

As for the reasons mentioned, the coverage of the policy did not extend to McClintock in his operation of the car without the permission of the named assured, the trial court properly directed the verdict in favor of the defendant casualty company, and properly overruled plaintiff's motion for judgment notwithstanding the verdict.

The judgment, therefore, will be affirmed at the costs of the plaintiff in error.

KLINGER, J, concurs.