**FORESTER v. FOREMAN et al.**

**No. 11518.**

Court of Civil Appeals of Texas. Galveston.

April 22, 1943.

[Rehearing Denied May 13, 1943.

George S. King, of Houston (C. E. Coolidge, of Houston, of counsel), for appellant.

Sears, Blades, Moore & Kennerly, W. H. Blades, and Geo. D. Neal, all of Houston, for appellees.

CODY, Justice.

This is a plea of privilege case arising under Exception 4 to the Venue Statute Art. 1995.

Plaintiff instituted suit in Harris County against Zemmie Foreman, a resident of Polk County, and against Shirley Helm and T. Edwin Smith, residents of Harris County, alleging that the defendants acting in concert and as principals committed an unprovoked assault and assault and battery at night on him in Polk County in April, 1942, inflicting upon him the damages sued for.

Foreman duly filed his plea of privilege to be sued in Polk County. Plaintiff filed his controverting affidavit alleging facts which made the suit maintainable in Harris County under the aforesaid Exception 4. Upon the hearing, the Court sustained the plea of privilege. Since plaintiff apparently makes no claim that he proved a cause of action against defendant Smith, the term resident defendant will hereafter be applied to Helm, and non-resident defendant to Foreman.

Plaintiff seeks to reverse the judgment sustaining the plea of privilege upon two points:

First: Plaintiff's testimony made out a bona fide cause of action against the resident defendant, which was joint with the one alleged against the non-resident defendant. The court should therefore have sustained venue, under the 4th Exception to the Venue Statute, in Harris County.

Second: The testimony made out as a matter of law a case against the resident defendant which was joint with the cause of action alleged against the non-resident defendant, and therefore required the court to sustain venue in Harris County under the 4th Exception to Art. 1995.

Foreman's plea of privilege being in statutory form, and it being proved that he was a resident of Polk County at the time suit was filed, the burden was on plaintiff to show that venue as to him was properly laid in Harris County.

The venue statute reads:

"No person who is an inhabitant of this State shall be sued out of the county in which he had his domicile except in the following cases:

\*       \*       \*       \*       \*

"4. If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Plaintiff proved that the resident defendant resided in Harris County, and by the allegations of his petition proved the nature of his suit. There is no question made but that the allegations of plaintiff's petition are sufficient to show a proper joinder of the nonresident in the suit with the resident defendant. It is not enough, however, to prove up the two venue facts specified in Exception 4 to Art. 1995, to maintain venue against a non-resident defendant, because by judicial construction a third venue fact is necessary under Exception 4. "It is that the plaintiff to prevent the change of venue must also plead and prove that he has in fact a cause of action against the resident defendant." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 638, 95 S.W.2d 1300, 1302. By sustaining the non-resident's plea of privilege,

the court presumably found that the plaintiff failed to prove up the cause of action which he alleged against the resident defendant. The evidence bearing on the issue of the resident defendant's liability, which was the third venue fact to be determined, was conflicting. It was sufficient, however, to support a finding either way; that is to say, it was within the province of the court to resolve the conflict by determining the issue according to the preponderance of the evidence. In this state of the record we are required to affirm the judgment of the trial court under the following holding in Compton v. Elliot, 126 Tex. 232, 241, 88 S.W.2d 91, 95: "Since Article 2008 authorizes appeal from the judgment sustaining or overruling the plea of privilege and contains nothing to indicate that the review by the appellate court shall be in any respect different from its review of any other case, the power of the Court of Civil Appeals in reviewing the fact-finding of the trial court is the same as in any other appealed case. The certificate states that in this case the evidence on the issue as to the commission of the offense was sharply conflicting and was sufficient to support the trial court's finding in favor of the defendant. Such being the record, the finding of the trial court should not be disturbed."

It is plaintiff's contention that the reason for requiring the third venue fact to be proven is in order to establish the plaintiff's good faith in bringing the suit against the resident defendant, and that when a plaintiff has made a prima facie showing of a cause of action against the resident defendant, he thereby shows good faith, etc. This contention is answered in Stockyards Nat'l Bank v. Maples, supra, 127 Tex. at page 639, 95 S.W.2d at page 1303, in these words: "We express no opinion as to the correctness of the rule requiring the plaintiff on the hearing of the plea of privilege to make proof that he has a cause of action against the resident defendant or as to the soundness of the reasons given in support of it. * * * the rule has become so well established as a part of the procedural law of the State that it should not be changed without legislative action. *The cause of action proven* must be the *one pleaded* by the plaintiff." (Emphasis ours.)

It is quite clear that the burden was upon plaintiff to prove liability on the part of the resident defendant, either alone or jointly with the non-resident defendant.

Jackson v. United Producers' Pipe Line Co., Tex.Civ.App., 33 S.W.2d 540; Stockyards Nat'l Bank v. Maples, supra.

 It is true that some expressions can be found in opinions of Courts of Civil Appeals which lend some color to plaintiff's contention, but we believe it will be found that where such language was used, the judgment of the trial court was affirmed, so that the point was not before the court for decision, and that it has not been held since the decision of Compton v. Elliot and Stockyards Nat'l Bank v. Maples, that plaintiff's burden of proof in establishing the venue facts is less than a preponderance of evidence.

The judgment of the trial court is affirmed.

Affirmed.