John HANCOCK, Jr., Appellant,

v.

ZURICH INSURANCE COMPANY, Appellee.

No. 6358.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 20, 1962.

Rehearing Denied Oct. 31, 1962.

Joe H. Tonahill, Jasper, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This is a Workmen's Compensation case. It was tried before the court without a jury upon a statement of facts made upon a previous trial of the case wherein a jury was unable to reach a verdict. Plaintiff-claimant has appealed from an adverse judgment of the trial court. The following findings of fact and conclusion of law, upon which the trial court predicated its judgment, characterizes the pleadings of the parties as here pertinent and the evidence adduced in support of the court's findings:

"(1) Plaintiff was employed by W. H. Greer. (2) Plaintiff sustained an accidental injury in Jasper County, Texas, on or about January 30, 1956, while serving as a special employee of Koppers Company, Inc., and has suffered total loss of use of his right arm for 116 weeks from said date as a natural result of said injury * * *.

\* \* \* \* \* \*

"(8) Plaintiff received one hundred ($100.00) dollars from W. H. Greer and signed the instrument designated as Defendant's Exhibit No. 1, which purports on its face to be a release, which the Court finds is not a release of liability of anyone, but on the contrary said exhibit was a mere receipt for the one hundred ($100.00) dollars received and was not a compromise settlement in release of liability of any party, and that plaintiff did not agree to compromise and settle his claim for one hundred ($100.00) dollars when he signed said instrument; and, that there was never an agreement entered into between plaintiff and W. H. Greer that contemplated jointly and mutually a fully executed consummation of any employer's liability under the Employer's Liability Act of Texas, Workmen's Compensation Act of Texas, Article 8306, et seq., V.A.C.S., as being a full and final compromise settlement in satisfaction of any liability that might have existed between W. H. Greer and plaintiff."

The trial court thereafter filed this conclusion of law:

"As a matter of law the plaintiff, John Hancock, should not recover from the defendant on the basis of the above and foregoing findings of fact, and none other * * * *"

Defendant's objections to the court's findings of fact is a part of the record before us, as is the statement of facts upon which trial was had.

The instrument referred to as a "release" and as a "receipt" in the court's last finding of fact aforesaid is as follows:

2–4–56

EXHIBIT D–1  "I John Hancock Jr. received $100.00 from injury received while working, From W. H. Greer. I release him for obligation from injury.
                    John Hancock Jr.
WIT  Fletcher Byerly
      E. L. Clark"

Among other affirmative defenses the defendant pleaded, and it was its contention

throughout trial, that this instrument was a valid, binding release by plaintiff to a negligent third party (Greer) which effected an election of remedies by plaintiff and estopped him from recovery of defendant. It was defendant's contentions, unsupported by any pleading of fraud or mistake, that the instrument was merely a receipt.

In connection with both parties' contentions, the only proof made of the nature of said instrument was plaintiff's testimony to the effect that shortly after he got out of the hospital he saw W. H. Greer, executed an instrument in writing and received from W. H. Greer the sum of One Hundred ·($100.00) Dollars. He testified that he thought or understood he was getting an advance on his weekly compensation; that he later employed counsel to represent him and was told that his claim lay against the Koppers Company, and that he did not understand the instrument that he signed to be a release.

On cross-examination, he identified the instrument which he signed at the time he received the One Hundred ($100.00) Dollars and identified his signature on the same; admits that he got the One Hundred ($100.00) Dollars mentioned; that Mr. Greer was the party who wrote it up, and that it was executed because of an accident he sustained while working on January 30, 1956. Later he testified to the effect that he had made a bank loan and that Mr. Greer was advancing him money on the bank loan. Finally his testimony is to the effect that the instrument was given for One Hundred ($100.00) Dollars and because of an injury sustained on January 30, 1956. Defendant filed objections to the reception by the trial court of the testimony of plaintiff tending to change the plain import of said instrument as a release to that of a receipt.

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. * * *" Art. 8307, sec. 6a, Vernon's Ann.Civ.St.

If the instrument in issue was indeed a release of liability to Greer, then plaintiff was barred from proceeding against defendant for Workmen's Compensation. Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982, and cases cited.

However, should the court's conclusion of law upon which judgment was rendered in defendant's favor be sustained in view of the trial court's conflicting findings of fact concerning "release" and "receipt" hereinabove? We think so, for, as hereinabove stated, the statement of facts in the case are in the record; therefore the findings of fact are not conclusive on appeal. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156; 4 McDonald, p. 1302.

We sustain the court's finding of fact that the instrument in question "purports on its face to be a release." The only competent and admissible evidence in connection with the instrument was that given by the plaintiff himself, as hereinabove summarized, which established that the same was given to Greer in consideration of $100.00, as a release of liability for plaintiff's injury of January 30, 1956, the very same injury for which plaintiff now sues defendant.

The finding of fact by the trial court to the effect that this release was a mere receipt, and not a release of liability to Greer, is not supported by any probative evidence. Hence, there being sufficient evidence in the statement of facts to support the trial

court's finding that the instrument purports on its face to be a release, we sustain said court's judgment in favor of defendant.

We find it unnecessary to discuss other contentions of the defendant.

Judgment affirmed.