L. E. SHEPPARD et ux., Appellants,

v.

EMPLOYERS CASUALTY COMPANY,
Appellee.

No. 6538.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 17, 1963.

Rehearing Denied Feb. 27, 1963.

———◆———

Stephenson, Stephenson & Thompson, Orange, for appellants.

Marcus & Weller, Beaumont, for appellee.

McNEILL, Justice.

This venue question arises upon an action for declaratory judgment begun in the District Court of Jefferson County under authority of Art. 2524–1, Vernon's Ann.Tex. Civ.St. Employers Casualty Company issued a policy of automobile liability on March 1, 1960, to Josey-Miller Company, a Beaumont corporation, as named insured. This policy insured said company against claims arising out of the operation of certain trucks described in said policy and was upon the standard form providing that its coverage extended to any person using any of said vehicles with permission of the named insured.

Early in the afternoon of October 8, 1960, Morris Smith, while operating one of insured's trucks, was involved in a collision at the intersection of Highways 62 and 406 in Orange County. As a result of this collision, L. E. Sheppard brought suit in the District Court of Orange County against Josey-Miller Company and its driver, Morris Smith, for damages because of certain personal injuries sustained by Sheppard and wife in said accident. Plea of privilege was filed in that suit by Josey-Miller Company and upon a hearing was overruled. This action was affirmed by this Court, Josey-Miller Company v. L. E. Sheppard, Tex. Civ.App., 357 S.W.2d 488.

The action first above mentioned, instituted by Employers Casualty Company for declaratory judgment, was brought against Morris Smith and Sheppard and wife. The petition in this action alleged that Sheppard had instituted suit in the District Court of Orange County against Josey-Miller Company and Morris Smith to recover damages for alleged injuries growing out of said collision, and that at the time of the accident said Morris Smith was not driving the truck with permission of the insured. This was followed by a prayer that the court establish the fact to be that at the time of the collision Smith was not operating said truck with insured's permission, and that the court pronounce its judgment absolving Employ-ers Casualty Company from any duty to defend said Smith and from any duty to pay off and discharge any judgment for damages that may be obtained by the Sheppards against him as a result of said collision. The Sheppards filed a plea of privilege to be sued in Orange County. This plea was controverted upon the grounds set forth in subdivisions 4 and 29a of Art. 1995. Upon a hearing, the plea of privilege was overruled and the correctness of that order is now before us.

█ This type of action appears to be proper under the circumstances. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed 826; Borchard, Declaratory Judgments, p. 668.

█ Since the trial court overruled the plea of privilege there is an implied finding therefrom that, at the time of the collision, Smith was not operating the vehicle with permission of the named insured. However, the statement of facts of the hearing upon the plea accompanies the record, and in such case the court's findings are not conclusive on appeal. Hancock v. Zurich Ins. Co., Tex.Civ.App., 361 S.W.2d 248. We have carefully examined this statement of facts. It was shown that Smith was a regular truck driver for Josey-Miller; that his duty was to deliver feed to customers in the surrounding area and when the delivery was made, to come directly back to the plant. The truck drivers had been instructed to use the most direct route to travel. However, the routes to be used were left to the drivers' discretion, and they were not told to use any exact route. The drivers were also instructed that they could not use the trucks driven for any personal use but the term "personal use" was not further explained.

On October 8, 1960, two trucks were assigned to carry feed to Butaud's Chicken Farm near Bridge City in Orange County. Smith and another driver operated these trucks. They had unloaded the feed at Butaud's, and according to Smith, the other

truck driver suggested that they go by Mauriceville on their way back to Beaumont to pick up some meat for their individual use. This had been done from time to time in the past by drivers but no official of Josey-Miller knew this. There were three routes that could be taken back to the Josey-Miller plant in Beaumont from Butaud's place. One through Orangefield, probably the shortest, was a very devious route, had hairpin turns and was quite narrow and wandered and wound through the woods for a considerable distance. The second route, the one that was used by the trucks in going to Butaud's, was known as Highway 90. On the outbound trip the drivers turned off at the McLewis School, and coming back they could get back on Highway 90 by turning left at the McLewis School. It was shown, however at the time, this highway was under construction, was rough and carried considerable traffic. The third route was by crossing Highway 90 at the McLewis School going north toward Mauriceville and thence by Highway 235 into Beaumont. It was estimated by witnesses that the distance by this route was two to four miles farther than by Highway 90. But there was less traffic this way and the road was in very good condition, and that in point of time consumed this route would be as short as any other.

 We held in Josey-Miller Co. v. Sheppard, supra, that at the time of the collision Smith was operating the truck in the course of employment for his employer. There is a difference between "course of employment" and operating a vehicle with "permission" of the named insured. The latter term is a broader one than the term "in course of employment." But a person may yet be in the course of his employment for another, although at the time he was doing an act expressly forbidden by the master. I. & G. N. R. Co. v. Anderson, 82 Tex. 516, 520, 17 S.W. 1039; 38 Tex.Jur. 2d 505. The accident involved occurred before Smith had arrived at the place he was to get the meat. Thus, at the time he

was mingling his master's business with his own. If this is a deviation, under the rule adopted in Olgin v. Employers Mut. Casualty Co., Tex.Civ.App., 228 S.W.2d 552, it was only a minor deviation from the "permission" granted to operate said truck. From this it follows that the trial court's ruling is without support in the evidence. Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791. The burden to establish by a preponderance of the evidence the venue fact that the vehicle at the time was not being driven with the permission of the insured was upon Employers Casualty Company. This burden was not discharged. Forester v. Foreman, Tex.Civ.App., 171 S.W.2d 190.

The trial court's order is therefore reversed and the cause as to the Sheppards is hereby ordered transferred to the District Court of Orange County.