**C. E. HOLT, Jr., et ux., Appellants,**

v.

**EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, Appellee.**

No. 4681.

Court of Civil Appeals of Texas.

Waco.

Jan. 4, 1968.

Samuel B. Paternostro, G. H. Kelsoe, Jr., Dallas, for appellants.

Bailey, Williams, Weber & Allums, James A. Willliams, Dallas, for appellee.

OPINION

TIREY, Justice.

This is a summary judgment proceeding. Appellants went to trial on their original petition. Pertinent to this discussion they alleged that prior to March 12, 1964 the insurance company had issued to the Glenn Justice Mortgage a standard automobile insurance policy with the mortgage company named as assured in which it agreed to pay on behalf of the mortgage company or any employee of such company, acting within the scope of employment or any person driving with permission of the named insured within the limitations of the policy, all sums of money that any of them might become legally obligated to pay because of injury. They further alleged that prior to March 12th a Chevrolet automobile from the mortgage company had been delivered into the hands of Gayle M. Curtis, and that she had used the car and that the use was ratified by the mortgage company, and further alleged that the mortgage company had delegated authority to Allen E. Hoskins to use the car in the furtherance of their business, and that Miss Curtis was operating the car at the time of the collision with the permission and consent of Hoskins. They further alleged that prior to June 8, 1965, appellants had brought a suit against Miss Curtis for damages sustained by reason of the collision, which was described, and that they had recovered judgment in such suit against Miss Curtis for a sum in excess of $15,000.00; that the judgment is

now final, and that because of the provisions of the insurance policy they brought this suit and sought to recover the amount of the judgment against the insurance company. They specifically alleged that at the time of the injury in question Miss Curtis was driving the Chevrolet car with permission of the named insured, and that such permission was both actual and implied.

The insurance company went to trial on its original answer which contained a general denial and a special denial that Miss Curtis was not insured under the terms of the policy, and further denied that she was operating the car in question in the scope of her employment for the mortgage company or with the permission and consent of the mortgage company. The insurance company seasonably filed its motion for summary judgment and such motion was based on the pleadings filed upon the policy of the insurance company and attached a certified copy of the policy as Exhibit "A", and upon the affidavit of Glenn Justice which was attached as Exhibit "B". The insurance policy contained the standard omnibus clause. The affidavit further alleged that at the time of the collision no person except Hoskins had permission and consent of the mortgage company to operate the car, and it is undisputed that it was not being operated by Hoskins at the time of the accident but was being operated by Miss Curtis at such time. The motion for summary judgment alleged that there was no general issue remaining as to any fact material to be decided by the court, and that defendant is entitled to a summary judgment. The affidavit of Glenn Justice of Justice Mortgage Company attached to the motion, among other things, asserted that the Glenn Justice Mortgage Company furnished a car to Allen E. Hoskins for use in his work for such company; that he was given permission to drive the car on his own personal missions but that Hoskins was specifically restricted from permitting other persons to use the automobile except when it was being used on missions for the mortgage company; that the mortgage company

had never given Hoskins permission to lend the car to any person and that he had been told prior to the accident that he could not lend the car to any person for any purpose; and that if Hoskins had permitted anyone to use the car on or about the 12th of March 1964, the date of the accident, it was without the permission of the mortgage company; that Miss Curtis had never been an employee of the mortgage company and that such company at no time authorized Miss Curtis to use the car which it had provided to Hoskins.

Plaintiffs answered the motion for summary judgment and in reply asserted that they would show on trial that Hoskins, or any of the other agents of the mortgage company, was never impliedly or specifically restricted from permitting other persons to drive or use the car in whatever manner they may choose; that such questions are in controversy and still unsolved; that Hoskins on several occasions had given Miss Curtis permission to use the car for her own purposes, and this was known to the mortgage company and that they remained silent on the matter until Miss Curtis was involved in the accident and that they are now estopped from denying the authority of Hoskins to give permission to Miss Curtis to use the car.

Appellants also filed a trial amendment in answer to defendant's motion for summary judgment to which they attached affidavits of Miss Curtis and Miss Jane Martin and made them a part of their answer. Miss Curtis, in her affidavit, stated that at the time of the accident she had known Hoskins for about one month; that she drove the car only once before the accident, which was one evening when she met some parties and her date at a restaurant on Lemmon Avenue in Dallas; that the car in question was at "my disposal"; that Hoskins drove his personal car one Saturday morning, otherwise he drove to and from his work in the Chevrolet; that he offered to "let me" use the car; that "I did not ask him" for the use of it; that as a matter of fact, "he gave me carte blanche to use it";

that I was to pick up the car at the mortgage company's parking lot; that he did tell the "guy" at the parking lot that I was going to pick up the car on Thursday afternoon, March 11, 1965; that instead of doing that he brought the keys to Janie, my roommate, for "my use", and I was to pick him up at the airport on Friday evening; that Hoskins was on a Braniff flight from Austin; that he called me late Thursday night from Austin and we discussed personal matters, and I was to pick him up at 6:30 p. m., Friday, March 12, 1965; that about two hours after talking with him on the telephone from Austin the accident happened. He then called my apartment when he got in from Austin and somehow found out I was in the accident which occurred about 2 a. m., the day before the accident on March 12, 1965.

The affidavit of Jane Martin stated in effect that Hoskins came to her on March 11, 1965 and left the keys to the car for the use of Miss Curtis; that at the time he told "me" where the car was; that he had instructed the man at the parking lot at the mortgage company to give "me" the car. He also told "me" when he would be back from Austin and for "me" to have Miss Curtis meet him at the plane by using his car. Thereafter "I" went to the parking lot and got the car and drove it home and gave the keys to Miss Curtis.

Appellants assail the judgment of the trial court on two grounds:

One is to the effect that the court erred in granting appellee's motion for summary judgment on the ground that no fact issue existed as to whether or not Glenn Justice Mortgage Company was estopped from denying that Gayle Curtis had permission of the named insured to use the said automobile in question;

Two is that the court erred in granting "appellee's motion for summary judgment on the ground that no fact issue existed as to whether or not Glenn Justice Mortgage

Company ratified use of the automobile by Gayle M. Curtis."

We overrule each of the foregoing points and Affirm the judgment of the trial court.

The policy of insurance contained what might be termed the standard "omnibus clause" which made one an insured under the policy who is or was using the automobile, "Provided the actual use of the automobile is by the named insured or with his permission." We think the question involved in this case is whether or not there is a fact issue as to the permissive use of the car at the time of the accident. It is undisputed that Hoskins, the named insured, was not driving the car, and that the driver of the car was not an employee of the named insured but was instead the girl friend of Hoskins, an employee of the named insured. We think it is undisputed that permission to use the car existed as between the insured employee and the person who was driving the car, but the question before the court is whether or not that permission extends the permission of the named insured to the driver, Miss Curtis. As we understand the affidavit of Glenn Justice of the mortgage company, Hoskins was given permission to drive the car on his own personal missions but he was specifically restricted from permitting other persons to drive or use the car except when it was being used on missions for the mortgage company. We think the affidavit also shows that the mortgage company had never given Hoskins permission to lend the car to any person, and that he had been told prior to the accident that he could not lend the car to any person for any purposes, further stating that if Hoskins had given permission for any person to use the car on or about the date of the accident, it was without the permission of the mortgage company. We also think that the affidavit shows that Miss Curtis was never employed by the mortgage company, and was not an employee of the mortgage company at the time the accident happened, and that she had not been authorized

by the mortgage company to drive the car which Hoskins had caused to be delivered to her.

As we read the appellants' affidavits they do not challenge in any way the proceedings in the trial court and the affidavits relied on by appellee are not opposed by affidavits or sworn testimony in any way. In Youngstown Sheet & Tube Co. v. Penn, Tex., 363 S.W.2d 230, points (2, 3), our Supreme Court made the following statement:

"Paragraph (e) of Rule 166–A provides that 'Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand.'"

See also Richards v. Allen, Tex., 402 S.W.2d 158.

We have carefully considered this record and we are of the view that there could not possibly be anything existing in the relationship between the mortgage company and Miss Curtis which would suggest that there was implied permission from the mortgage company to her to use the car. As we understand appellants' brief they do not contend that Miss Curtis had express permission, and there is certainly nothing to indicate that she did. Our view is that under all the facts and circumstances surrounding Hoskins' conduct in letting Miss Curtis drive the car is of no consequence and clearly shows that he violated the specific instructions of the mortgage company when he let her have the car, and particularly while she was using the car on a mission of her own at the time of the accident. Under this view the omnibus clause in the policy did not give coverage to Miss Curtis without permission and consent of the mortgage company. See Olgin v. Employers Mutual Cas. Co. 228 S.W.2d 552, n. r. e. See also Houston News Co. v. Shavers, Tex.Civ. App., 64 S.W.2d 384, wr. ref., (opinion by Justice Alexander) points (1–5) page 386. As we understand the record here before us and the applicable law, in order for appellants to recover it was necessary for them to establish that Miss Curtis, at the time she had the accident at 2 a. m., on the day before she was to meet Hoskins in the evening, was acting for and on behalf of Hoskins within the scope of his employment and within the scope of the use that he had of the car and not merely on a personal errand of her own. It is without dispute that she was on a personal errand of her own at the time of the accident. It is true that Miss Curtis, who was a girl friend of Hoskins, was driving the vehicle with permission of Hoskins, but that she was driving it on a mission of her own and not of Hoskins at the time of the accident. Hoskins was not the owner of the car but was an employee of the mortgage company who utilized the car for business and personal reasons, but he was specifically restrained from permitting any other person to use the vehicle such as it was being used at the time of the accident. That leads us to say that Miss Curtis was not an actual insured under the omnibus clause under the policy and we think the summary judgment of the trial court should be affirmed.

Each of appellants' contentions has been considered and each is overruled.

Affirmed.