694

## HARDWARE MUTUAL CASUALTY CO., Plaintiff,

v.

## Clinton Marvin COX, and Dorice C. Holt, Defendants.

### Civ. No. 69–202.

United States District Court,
W. D. Oklahoma.

March 4, 1970.

Ben A. Goff, Oklahoma City, Okl., for plaintiff.

Ralph W. Newcombe, Lawton, Okl., for defendants.

DAUGHERTY, District Judge.

### MEMORANDUM OPINION

Plaintiff Hardware Mutual Casualty Company proceeds herein under 28 U.S.C. § 2201 against the Defendants Clinton Marvin Cox and Dorice C. Holt seeking a Declaratory Judgment that its policy of casualty insurance issued to Lynn Jones d/b/a Jones Plumbing Company as the named insured did not cover an accident between a Jones Plumbing Company pick-up truck driven by the Defendant Cox and an automobile driven by the Defendant Holt occurring in Lawton, Oklahoma on March 25, 1968. The Defendant Holt has sued the Defendant Cox and Jones Plumbing Company for $12,000.00 in the District Court of Comanche County, Oklahoma as a result of the accident. Defendant Cox is in default herein but appeared and testified as a witness called by the Defendant Holt. Plaintiff does not seek a declaration regarding its policy of insurance with reference to Lynn Jones d/b/a Jones Plumbing Company and admits coverage as to him if he should be found liable but seeks a declaration of its rights determined as to the Defendants Cox and Holt to the extent that her rights are determined through the Defendant Cox.

The policy lists as a named or owned vehicle a 1959 Ford ½ ton pick-up which was the vehicle being driven by Defendant Cox at the time of his accident with Defendant Holt.

The policy provides with reference to "Persons Insured" that,

"Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured [Lynn Jones d/b/a Jones Plumbing Company] * * *

(c) any other person while using an owned automobile * * * with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * *."

It is the contention of Plaintiff that Defendant Cox did not have the permission of the named insured (Lynn Jones d/b/a Jones Plumbing Company), either express or implied, to use the pick-up truck at the time he had the accident with Defendant Holt. On the other

hand, it is the contention of the Defendant Holt that Defendant Cox was an employee of Lynn Jones d/b/a Jones Plumbing Company and had implied permission from the named insured to use the vehicle at the time of the accident.

The case was tried to the Court. The evidence revealed that Lynn Jones and his wife were the sole owners and managers of Jones Plumbing Company; that Cox had worked for Jones Plumbing Company as a plumbers helper and cleanup man from Monday, March 18, 1968, until Monday, March 25, 1968, at about one o'clock P.M. when he was discharged by Mr. Jones as a result of the accident. Mr. and Mrs. Jones testified that it was their company procedure and policy that company vehicles were not to be used by their employees except for business purposes; that with the exception of their night plumber (who was assigned a vehicle to take home at night and which he could use at noon for purposes of going to lunch) all other employees were not permitted to use company vehicles for the purpose of going to lunch unless they received express permission from Mr. or Mrs. Jones. It was also the testimony of these witnesses that they had no knowledge of any violations of this policy except in the instance of the Cox accident. Mr. and Mrs. Jones testified that they did not give Cox permission to use the vehicle on March 25, 1968 to go to lunch or for any other purpose when he had the accident with Defendant Holt. It was the testimony of Mr. Jones that on one day during the brief employment of Cox he gave Cox express permission to take one of his vehicles for the purpose of getting lunch.

Cox testified that during the five working days of the week of March 18, 1968, he was taken to lunch on two occasions by Mr. and Mrs. Jones in their transportation. Further, that on one of these two occasions he was directed by Mr. Jones to drive a pick-up from the place of lunch back to the shop as Mr. and Mrs. Jones had both that vehicle and their personal car at the place of lunch. Cox testified that on another day in that week he was given express permission by Mr. Jones to use a vehicle to get lunch; on another day he walked to lunch and on the fifth day he brought his lunch to the Jones Plumbing Company shop.

Cox testified that he did not have the permission of either Mr. or Mrs. Jones to take the 1959 Ford ½ ton pick-up for the purpose of getting lunch on March 25, 1968, the date of the accident involved herein. He stated that he merely assumed that it was all right in view of his experiences of the previous week. He testified that Mr. and Mrs. Jones had left for lunch before he took the pick-up prior to the accident. (The pick-up was not at the shop when the Joneses left according to their testimony and the same was assigned to another employee.) Cox testified that he had noticed some of the employees leaving the shop in company vehicles about noon but he did not know where they were going. Cox denied that the Joneses had given him any instructions upon his employment that he was not permitted to take or use any of the company vehicles for non-business purposes.

The Court finds and concludes from the foregoing evidence that on March 25, 1968 the Defendant Cox had not been granted express permission by Lynn Jones or his wife to use the 1959 Ford ½ ton pick-up for the purpose of going to lunch and that he, therefore, undertook to use the vehicle to go to lunch without receiving express permission from the named insured or his authorized agent.

This leads the Court to the problem of whether under the evidence presented it can be found that the named insured by course of conduct may be said to have given implied permission to Cox to use the pick-up in question for the purpose of going to lunch on the day of the accident. Under the language of this policy coverage by implied permission could be found to exist provided the facts are

deemed sufficient to warrant a finding of implied permission. 5 A.L.R.2d 608–609.

Cox drove a company vehicle in connection with having lunch on two occasions with the specific or express permission of Mr. Jones. In each such use the permission pertaining thereto had terminated before the accident with Defendant Holt. The evidence of Mr. and Mrs. Jones was quite positive that their employees were not permitted to use company trucks for the purpose of having lunch without obtaining express permission from one of them. The only exception was the night plumber. There was no evidence presented that any of the employees of Jones Plumbing Company (except the night plumber) had ever used company trucks for the purpose of going to lunch unless express permission had been granted by Mr. or Mrs. Jones or that if they had used company trucks for the purpose of going to lunch without permission that Mr. or Mrs. Jones had knowledge of such activities.

The Court finds and concludes that under the evidence of this case the facts presented are insufficient to establish the existence of implied permission by the named insured to Defendant Cox to use the named insured's 1959 Ford ½ ton pick-up for the purpose of going to lunch on March 25, 1968, on which trip the accident with Defendant Holt occurred.

5 A.L.R.2d at pages 660–661 provides:

"V.  Use after termination of permission
§ 23.  Retaking of car by employer.

The next preceding division of this annotation dealt with the situation where an employee obtained initial permission from his employer for the use of the insured automobile, and while using it under the permission given, deviated in some way from the permitted use. Closely connected with, though clearly distinguishable from, this situation is the case where the employee obtains permission from the employer for a specific use of the automobile and returns it after such use but thereafter regains possession of it and uses it without having obtained a new or further permission from his employer. The question there is whether the initial permission extends to such use or whether the permission ends with the return of the automobile.

The answer to this question is that where an employee is given custody of the automobile to accomplish a certain purpose, and he puts the car away after completion of such purpose, a subsequent retaking and additional use of the automobile by such employee is generally deemed a new use for which a new consent must be given, and in absence of a new permission, the employee is not covered as an additional insured under the omnibus clause of the indemnity policy. In other words, the mere fact that the employee had rightful custody of the automobile for specific purposes does not give him the right to use the car for purposes not contemplated by the employer after the original bailment has been ended."

Also see Globe Indemnity Company v. Nodlere, 69 F.2d 955 (Tenth Cir. 1934); Continental Casualty Co. v. Padgett, 219 F.2d 133 (Fourth Cir. 1955); Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744; 5 A.L.R.2d at pages 608 and 651.

It is, therefore, the finding and conclusion of the Court that under the evidence presented herein the same is wholly inadequate and insufficient to support a finding of implied permission from the named insured that Defendant Cox could use the vehicle on March 25, 1968 when he suffered the accident with Defendant Holt. Accordingly, Plaintiff is entitled to have judgment in its favor declaring that the Defendant Cox was not an insured under the omnibus clause of Plaintiff's policy on March 25, 1968

**697**

when he had his accident with Defendant Holt. Counsel for Plaintiff will submit a judgment based on the foregoing for the signature of the Court within five (5) days from the date hereof.