(3 Misc. Rep. 445.)

### TRIPPE v. PROVIDENT FUND SOC.

(Superior Court of New York City, General Term. May 1, 1893.

ACCIDENT INSURANCE—NOTICE OF DEATH.

    A certificate of membership in a co-operative accident insurance company provided that notice of any accidental injury must be given, "with full particulars of the accident and injury," within 10 days after injury or death; and that the insurance did not cover "disappearance or injury, whether fatal or nonfatal, of which there is no visible mark on the body of the insured." *Held,* that where a large building, in which the place of business of insured was situated, fell, and it was three days before it was learned, by the recovery of his body, that he perished in the accident, a notice of death, served eight days later, but eleven days after the accident, was sufficient.

Appeal from jury term.

Action by Mary L. Trippe, as administratrix, etc., against the Provident Fund Society on an insurance policy. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

Arthur M. Sanders, (John L. Hill, of counsel,) for appellant.

Arnoux, Ritch & Woodford, (W. H. Arnoux, of counsel,) for respondent.

McADAM, J. The action is by the plaintiff, as administratrix of her deceased husband, on a certificate of membership, sometimes called a "policy," issued by defendant, an accident insurance company upon the co-operative or assessment plan, whereby the company insured Frederick W. Trippe against bodily injuries through external, violent, and accidental means, and providing for weekly indemnity in case of mere injury, and for the payment of $5,000 to his legal representatives in case death resulted from such injuries. It appears that on February 12, 1889, the insured applied to the American Accident Indemnity Association for membership, stating that his occupation was that of a "wholesale drug merchant," and that the duties required of him were "office, selling, and traveling." Thereupon said association on that day issued a certificate designating him as a "merchant." On March 13, 1891, said association merged its business with the defendant, which reinsured the risks taken, and on April 13, 1891, issued the certificate to the insured on which the action is founded. The policy provided that the insurance was subject to the by-laws of the company and the conditions indorsed on the policy. The consideration of the contract was, in part, the warranties contained in the application to the American Accident Indemnity Company, the importance of which is that the occupation of the insured determined the class in which he was entitled to be insured in defendant's company. The defendant claimed in defense that the insured had misrepresented his occupation, and there was consequently a breach of the warranty in that regard, but the jury found that there was no misrepresentation, and therefore no breach of the warranty, and their finding is amply sustained by the evidence.

Several other objections of a technical character were interposed, but the defenses respecting them signally failed, and the only one requiring serious notice is that which arises under the condition of the policy which provides that "notice of any accidental injury for which claim is to be made under this certificate shall be given in writing, addressed to the president of the society at New York, stating the full name, occupation, and address of the injured member, with full particulars of the accident and injury; and failure to give such written notice within ten days from the date of either injury or death shall invalidate any and all claims under this certificate." In order to determine the application of this condition to the present contention, a brief review of the facts relating to the accident and cause of death becomes necessary. It appears that the insured did business on Park Place, this city, in a building the first floor of which was divided into four stores, one of which (No. 72) was used by the intestate as a place of business. On Saturday, August 22, 1891, the entire building fell, and the event has since passed into history as the "Park Place Disaster." The intestate was buried in the debris. The building came down in a crash, so that there was no time for preparation or learning details, and it

was many days before it was known how many and what particular individuals were buried under the fallen walls. After the disaster the intestate was missing, and it was naturally supposed that he was buried in the ruins. Search was made for the body, and it was discovered and taken from the fallen mass about 10 o'clock on the morning of August 25th. No one saw him injured, no one knew that he was injured, or, indeed, was even near the accident at the time it happened. It was in consquence of his disappearance, and the fact that he occupied one of the stores in the building, that it was suspected and believed that he was under the ruins; but no one had any knowledge on the subject. Notice of injury and death in the form required by the condition was served September 2, 1891, 11 days after the accident, and 8 days after the body was found. The question is whether service at this time complies with the condition before recited.

Another condition of the policy provides that "the insurance under this contract shall not extend to or cover disappearance or injury, whether fatal or nonfatal, of which there is no visible mark on the body of the insured." There were visible marks on the dead body of the deceased when it was found, but these had been invisible till that time. Construing these two conditions together, it must be apparent that no one could take any action respecting the injury, or serve the notice required, until the recovery of the body. It had disappeared, no one knew where. No one knew whether he was dead or alive, injured or uninjured, or whether there was any visible mark of injury upon him or not, so that "the full particulars of the accident and injury" required by the condition to be stated in the notice were not in the possession of any living being until the recovery of the body, and could not before that time be communicated in any reliable form to the company, or even to the family of the victim. The fact that an accident occurred in Park Place was of no concern whatever to the defendant, unless some one insured by it was injured therein; so that the mere circumstance that a fatality occurred thereat on a certain day cannot be said to fix the time when the 10 days' notice contemplated by the condition commenced to run. The notice required is not of a possible or probable injury or death, but of an existing and known fact; not a mere suspicion, however probable the cause upon which it was based. In view of the peculiar facts related, service of the notice on August 22d was an impossible thing, made so by circumstances beyond human control, and was excusable. "Lex non cogit ad impossibilia." It is clear, therefore, that the legal effect of the condition is that notice served within 10 days after August 25, 1891, was within the time required by the policy; hence the service made September 2d entitles the plaintiff to sustain the recovery had. It is no doubt settled law that when the time within which notice of injury or death must be given is specified definitely it must be complied with, or no recovery can be had. Striking examples of this rule will be found in Gamble v. Accident Co., 4 Ir. Com. Law, 204, and Patton v. Corporation, 20 L. R. Ir. 93, wherein it was held that the omission to give the notice within the prescribed time, even

when death was instantaneously caused by an accident, was a complete answer to any claim made on the policy. Those were cases of accidental drowning, and are distinguishable from the present by the important feature that the fact of death was known immediately following the accident. Here it was absolutely unknown to any one until the finding of the body on August 25, 1891. No one could knowingly say that the death was instantaneous, or exactly when or how it was occasioned, except as one of the sequences of the accident. The facts respecting the accident and death being undisputed, the question of what construction should be given to the condition was one purely of law for the court. It would have been idle to have submitted to the jury for determination the question as to when the intestate died. No one knew how long he lived after the accident, or when death ensued, and to attempt to fix the period with precision would be nothing better than a guess or conundrum, which, as yet, is an insufficient foundation for a finding of fact. If there was any reasonable doubt as to the proper construction to be placed upon the condition, we would adopt a reasonable one consistent with justice, (Warren's Bl. Comm. [2d London Ed.] 505,) and, if necessary, apply the rule applicable to a deed poll,—that the words shall be taken in their strict sense against the grantor, and liberally in favor of the other party. Bish. Cont. § 600; 2 Pars. Cont. 506: Broom, Leg. Max. 594; Jones, Const. Com. Cont. § 228. The court must give practical and reasonable effect to all parts of the contract; not only those affecting one party, but all parties. As the limitation of 10 days tends to a forfeiture, which is not favored in law, it must not be shortened by construction to deprive the beneficiary of any of the time allowed by the contract for the protection of her rights. The policy of the law is to maintain contracts and enforce rights thereunder when this can be done without offending the ascertained intention of the contracting parties or some legal principle. The trial judge disposed of the questions of law properly. Substantial justice has been done to all concerned. We find no errors in the record, and the judgment and order appealed from must be affirmed, with costs.