Metropolitan Life Ins. Co. v. People's Trust Co.—177 Ind. 578.

(8) 8 Cyc. 775, 806; (9) 29 Cyc. 1397; 3 L. R. A. (N. S.) 887; (10) 29 Cyc. 1397; 13 Ann. Cas. 160; (11) 8 Cyc. 804. As to when a statute will be declared void because conflicting with the Constitution, 48 Am. Dec. 269.

## METROPOLITAN LIFE INSURANCE COMPANY v. PEOPLE'S TRUST COMPANY, ADMINISTRATOR.

[No. 21,987.    Filed May 14, 1912.]

1. INSURANCE.—*Life Insurance.—Proofs of Death.—Presenting.— Reasonable Time.*—In the absence of any provision in a policy of life insurance relating to the time for presenting to the company the proofs of death, they must be presented within a reasonable time. p. 582.

2. INSURANCE. — *Life Insurance.—Proofs of Death.—Reasonable Time.—What Constitutes.*—Where a life insurance policy contained no provision as to the time of presenting proofs of death, and neither the administrator of the assured's estate nor any one of the ultimate beneficiaries of the policy had any knowledge of the fact of its existence until a few days before proofs of death were made, a delay of two years and two months after death in making the proofs was not unreasonable. pp. 582, 583.

3. INSURANCE.—*Action on Life Policy.—Complaint.—Sufficiency.—* A complaint, on a policy of life insurance in which no time was fixed for presenting proofs of death, which alleged full compliance with all the conditions of the contract by the assured and by the administrator of his estate, was sufficient to repel a demurrer for want of facts. p. 584.

4. INSURANCE.—*Action on Life Policy.—Delay in Presenting Proofs of Death.—Complaint.—Sufficiency.*—A paragraph of complaint, on a policy of life insurance in which no time was fixed for presenting proofs of death, which alleged the performance of the conditions of the contract by the assured, that assured died intestate on February 21, 1906, and that on March 26, 1908, plaintiff was appointed administrator of the decedent's estate, that prior to March 15, 1908, the existence of the policy was not known to plaintiff nor to any one of the ultimate beneficiaries thereof, that on April 6, 1908, defendant delivered to plaintiff blank proofs and that as soon thereafter as it was possible to learn the facts necessary to be inserted therein the plaintiff furnished defendant the required proofs of death, was good as against a demurrer for want of facts because of the alleged unreasonable delay in presenting the proofs of death. p. 585.

5. TRIAL.—*Action on Insurance Policy.—Instructions.—Proofs of Death.*—In an action on a policy of life insurance which was contested on the ground of suicide, where there was evidence that shortly before the death of assured he frequently threatened to commit suicide, that on the day of his death he was found in the stall of a barn before daylight in an unconscious condition, and that in the stall was found a bottle containing laudanum, and where the proofs of death admitted in evidence state the cause of death to be "morphine or opium poisoning, from unknown cause, but not administered or taken by deceased's own volition, in effort to commit suicide," the refusal of defendant's requested instruction that the document purporting to constitute the proofs of death was not of itself evidence of the truth of the facts stated therein, and the failure of the court to give an instruction covering the subject-matter of the requested instruction was reversible error. pp. 585, 586.

6. INSURANCE. — *Action on Life Policy. — Evidence. — Proofs of Death.*—The only purpose of admitting the proofs of death in evidence on behalf of plaintiff in an action on a life insurance policy is to show that plaintiff has furnished the proofs required by the terms of the policy. p. 586.

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Action by People's Trust Company as administrator of the estate of Jonathan M. Brinsen, deceased, against the Metropolitan Life Insurance Company. From a judgment for plaintiff, the defendant appeals. (Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*W. H. H. Miller, C. C. Shirley, Samuel D. Miller* and *Ryan & Ryan,* for appellant.

*J. Monroe Fitch* and *Thompson & Sprague,* for appellee.

MORRIS, C. J.—Suit by appellee against appellant, a New York corporation, on a life insurance policy. The complaint was in two paragraphs. A several demurrer to each paragraph, for insufficient facts, was overruled. Answer in four paragraphs, the first of which was a general denial. Appellee filed a several demurrer to each paragraph of answer. The demurrer was sustained to the fourth paragraph and overruled to the second and third. No ruling was made on the demurrer to the first paragraph.

There was a trial by jury, verdict and judgment for appellee for full amount of the policy. Appellant's motion for a new trial was overruled.

The errors assigned here, and not waived, consist of the action of the court in overruling the demurrer to each paragraph of the complaint, and overruling the motion for a new trial.

In the first paragraph of complaint it is alleged, among other things, that on December 19, 1905, appellant, in consideration of a certain premium, executed and delivered to appellee's decedent the life insurance policy sued on, which is filed with the complaint as an exhibit.

It is further alleged that decedent, Brinsen, died intestate in Delaware county on February 21, 1906, and on March 26, 1908, appellee was appointed as administrator of his estate; that at the time of Brinsen's death the policy was in full force; that during his lifetime he performed all the conditions of the policy required therein by him to be performed, and, since his death, appellant has performed all conditions required therein by it to be performed; that appellant had knowledge of Brinsen's death within ten days thereafter; that on March 26, 1908, appellee notified appellant of Brinsen's death, and demanded blanks for proofs of death, required by the terms and conditions of the policy; that appellant, before and at the time it furnished blanks, denied any liability under the policy, solely because, it declared, Brinsen committed suicide; that on April 29, 1908, before the commencement of this suit, appellee made out and delivered to appellant proofs of Brinsen's death, as required by the blanks furnished by appellant, and as required by the terms of the policy, and demanded payment of the amount of the policy, which was refused.

The second paragraph is the same as the first, together with the following added averments: Appellant did not make proof of Brinsen's death earlier, because Brinsen had no relatives living at Muncie, where he died; that none of

NOVEMBER TERM, 1911.      581

Metropolitan Life Ins. Co. v. People's Trust Co.—177 Ind. 578.

his relatives were present, when his body was buried at Muncie; that at the time of his death Brinsen was a member of a Spanish War Veterans' camp, which took charge of his funeral and burial; that when he died the policy in suit was in the clothing on decedent's person, with other papers; that the Delaware county coroner held an inquest, and thereafter deposited in the treasurer's office a suit case, containing the clothing of decedent, in which was this policy; that previous to March 15, 1908, neither the county treasurer, nor any relatives of decedent, nor any member of the Veterans' camp, nor appellee, had any knowledge of the existence of the policy sued on, or the contents thereof; that pursuant to appellee's request, appellant, on April 6, 1908, delivered to appellee blank death proofs; that as soon thereafter as it was possible to learn the facts necessary to be inserted therein, namely, on April 29, 1908, appellee furnished appellant the required proofs of death, and appellant made no objection thereto because of lapse of time from decedent's death.

Among the terms and conditions of the policy are the following:

"First. If the insured within one year from the issue hereof die by his own hand or act, whether sane or insane, the company shall not be liable for a greater sum than the premiums which have been received on this policy. * * * Sixth. Proofs of death shall be made to the home office in the manner and to the extent, required by blanks furnished by the company; and shall contain answers to each question propounded to the claimant, physicians and other persons indicated in the blanks, and shall further contain the record and verdict of the coroner's inquest, if any be held. The proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company."

The policy did not contain any provision relating to the time of furnishing proofs of death to the company.

The sole reason urged by appellant against the sufficiency of either paragraph of complaint is the alleged unreason-

582 SUPREME COURT OF INDIANA,

Metropolitan Life Ins. Co. v. People's Trust Co.—177 Ind. 578.

able delay in furnishing appellant the required proofs of Brinsen's death.

Appellant's first point is that in the absence of any provision in the policy relating to the time for presenting to the company the proofs of death, the law requires

1. that such proofs must be made within a reasonable time. This proposition correctly states the law. *London, etc., Accident Co.* v. *Siwy* (1905), 35 Ind. App. 340, 66 N. E. 481; *Aetna Life Ins. Co.* v. *Fitzgerald* (1905), 165 Ind. 317, 75 N. E. 262, 1 L. R. A. (N. S.) 422, 112 Am. St. 232, 6 Ann. Cas. 551; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281, 12 N. E. 315; §4803 Burns 1908, §3770 R. S. 1881.

It is next insisted that two years and two months

2. after death was not a reasonable time within which to present proofs of death, under the facts alleged.

In *Insurance Co. of North America* v. *Brim, supra,* it was said that what constitutes reasonable notice must depend on all the circumstances of the particular case; that the purpose of the notice is to enable the company to take proper precaution for its own protection. It was further said in the course of the opinion (p. 287), relative to the facts in that case: "It is sufficient to say, since it does not appear that the company made any objection to the claim on account of the insufficiency of the notice, or that any detriment resulted to it on account of the delay, the notice was, under all the circumstances, reasonably in time."

In *Provident Life Ins., etc., Co.* v. *Baum* (1867), 29 Ind. 236, it was held that ignorance of a provision of the policy on the part of plaintiff excused a delay in giving notice of the death of the insured, where the plaintiff did not have access to the policy.

In *Peele* v. *Provident Fund Soc.* (1897), 147 Ind. 543, 44 N. E. 661, 46 N. E. 990, it was held, in a suit on an accident policy, which provided that in the event of injury or death of the assured, notice thereof should be given within ten

days from the date of the injury or death, that a notice within sixteen days after death was sufficient, where the notice was given within five days after the beneficiary learned that the death was accidental. In the course of its opinion the court said: "A distinction has been made between conditions preceding the loss or accident, and upon which the question of liability primarily rests, and conditions which relate to matters following such loss or accident. The former are more usually of the essence of the contract, and are, therefore, generally interpreted more strictly. * * * In the case of an insurance policy the one who takes out and pays for the policy may well be expected to know its conditions and to comply with them. But in the event of his death, the party suffering the loss is often at a disadvantage, both as to knowing the conditions and as to being able to comply with them according to the strict letter of their terms."

In *Trippe* v. *Provident Fund Soc.* (1893), 140 N. Y. 23, 35 N. E. 316, 37 Am. St. 529, 22 L. R. A. 432, the court said:

2.   "Such condition in a policy of insurance must be considered as inserted for some reasonable and practical purpose, and not with a view of defeating a recovery in case of loss by requiring the parties interested to do something manifestly impossible."

In *Cady* v. *Fidelity, etc., Co.* (1908), 134 Wis. 323, 113 N. W. 967, 17 L. R. A. (N. S.) 260, it was said: "In case of the person required to give notice not being able to do so from any cause, compliance with the requirements as to notice is sufficient if notice be given as soon as practicable after the disability is removed, unless there is some unmistakable stipulation in the policy to the contrary. * * * That the rule adopted applies in case of a beneficiary who fails to give notice of the injury and death of the assured till the lapse of considerable time thereafter because of ignorance of the existence of the policy, without fault on the part of such beneficiary, is grounded in reason and supported

584        SUPREME COURT OF INDIANA,

Metropolitan Life Ins. Co. *v.* People's Trust Co.—177 Ind. 578.

by authorities. * * * *Provident, etc., Invest. Co.* v. *Baum* [1867], 29 Ind. 236; *McElroy* v. *John Hancock Mut. Life Ins. Co.* [1898], 88 Md. 137, 41 Atl. 112; 71 Am. St. 400; *Solomon* v. *Continental Fire Ins. Co.* [1899], 160 N. Y. 595, 55 N. E. 279, 46 L. R. A. 682, 73 Am. St. 707; *Trippe* v. *Provident Fund Soc.* [1893], 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432, 37 Am. St. 529.''

The next of kin of decedent were ultimately entitled to the proceeds of the policy subject to the lien thereon in favor of his creditors. Appellee was entitled to receive payment from the company. The policy fixed no time for filing death proofs. Under the allegations of the second paragraph of complaint, neither appellee nor any one of the ultimate beneficiaries had any knowledge of the fact of the existence of the policy until a few days before proofs were made. We think the circumstances here alleged excused the long delay. *Munz* v. *Standard Life, etc., Ins. Co.* (1903), 26 Utah 69, 72 Pac. 182, 62 L. R. A. 485, 99 Am. St. 830, and note 837; *Globe, etc., Ins. Co.* v. *Gerish* (1896), 163 Ill. 625, 45 N. E. 563, 54 Am. St. 486; *Phillips* v. *United States, etc., Soc.* (1899), 120 Mich. 142, 79 N. W. 1; *Forsyth* v. *City of Oswego* (1908), 191 N. Y. 441, 84 N. E. 392, 123 Am. St. 605; *Jennings* v. *Brotherhood Accident Co.* (1908), 44 Colo. 68, 96 Pac. 982, 18 L. R. A. (N. S.) 109 and note, 130 Am. St. 109; *Hilmer* v. *Western Travelers, etc., Assn.* (1910), 86 Neb. 285, 125 N. W. 535, 27 L. R. A. (N. S.) 319 and note.

The first paragraph of complaint alleges full compliance by the assured and appellee with all the conditions of the contract. It is not seriously contended by appellant 3. that this paragraph is insufficient. *Supreme Tent, etc.,* v. *Ethridge* (1909), 43 Ind. App. 475, 87 N. E. 1049, and cases cited; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122, 57 N. E. 277; *National Benefit Assn.* v. *Bowman* (1887), 110 Ind. 355, 11 N. E. 316; *American Cent. Ins. Co.* v. *Sweetser* (1888), 116 Ind. 370, 19 N. E. 159.

Each paragraph of complaint was sufficient to repel appellant's demurrer in respect to the points urged.

In its answer, appellant denied liability, because, as averred therein, the insured committed suicide.

There was evidence given, that shortly before his death decedent frequently threatened to commit suicide. He was found in a stall, in a barn, before daylight, in an unconscious condition, on the day he died. A bottle, almost empty, with some laudanum in the bottom thereof, was found in the same stall.

At the trial, over appellant's objection, the court admitted in evidence the written proof of decedent's death, made by appellee, pursuant to the terms of the policy. This proof was on a printed blank, containing questions, designed for answer, by the claimant. Question 12 in such printed blank was as follows: "Cause of death? (Give full particulars)." The answer of appellee, administrator, was as follows: "Morphine or opium poisoning, from unknown cause, *but not administered or taken by decedent's own volition, in effort to commit suicide.*" (Italics ours.) The proof was signed and verified on behalf of appellee company, by one Ellis, its vice-president. At the proper time appellant, by its requested instruction two, sought to have the jury informed as follows: "There has been presented for your consideration as evidence on behalf of the plaintiff and introduced by the plaintiff, a document purporting to constitute the proofs of death of the insured, Jonathan M. Brinsen. There are certain facts stated in this document, but I charge you that the document itself is not evidence of the truth of such facts."

The requested instruction was refused, and appellant excepted to such action of the court, and, contends here, that it constituted reversible error.

In the instructions given the jury, the court failed to give the equivalent of the one requested, and, in fact, failed to in-

struct the jury concerning the subject-matter of such requested instruction.

This was error. The only possible purpose in admitting the proofs of death, on behalf of appellee, was to show that it had furnished appellant the proofs required by the terms of the policy. *Craiger* v. *Modern Woodmen, etc.* (1907), 40 Ind. App. 279, 80 N. E. 429; *Mutual, etc., Life Ins. Co.* v. *Higgenbotham* (1877), 95 U. S. 380, 24 L. Ed. 499; *Newton* v. *Mutual Benefit Life Ins. Co.* (1873), 2 Dillon 154, Fed. Cas. No. 10,191; *Crotty* v. *Union Mut. Life Ins. Co.* (1892), 144 U. S. 621, 12 Sup. Ct. 749, 36 L. Ed. 566; *Union Central Life Ins. Co.* v. *Hollowell* (1896), 14 Ind. App. 611, 43 N. E. 277.

It is insisted by appellee that the error was harmless. We cannot assent to this. There was a defense of suicide. The evidence was conflicting. The jury may have considered the self-serving declaration of appellee, in its answer to question twelve, as evidence that decedent's death was not suicidal, and for the error in refusing the requested instruction, the judgment must be reversed.

Other questions are presented, but as they probably will not arise on another trial of the cause, they are not considered.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 98 N. E. 513 and annotated in 41 L. R. A. (N. S.) 285. See, also, under (1) 1913 Cyc. Ann. 2803; 137 Am. St. 718; (2) 25 Cyc. 884; (3 and 4) 25 Cyc. 919; (5) 25 Cyc. 954; (6) 25 Cyc. 941.