The **PRUDENTIAL INSURANCE COM-PANY OF AMERICA**, Plaintiff,

v.

Mary WILLIAMS, Sometimes Known as Mrs. J. D. Williams, and Emma G. Mc-Ferrin, Individually and as Guardian of the Minor, Donald Joseph McFerrin, Defendants.

**Civ. A. No. 4818.**

United States District Court
E. D. Louisiana, New Orleans Division.

March 15, 1956.

Chaffe, McCall, Phillips, Burke & Hopkins, Nolan Kammer, New Orleans, La., for plaintiff.

Wheeler, Stewart, Exnicios & Mestayer, Thomas B. Wheeler, New Orleans, La., for defendant Emma G. McFerrin.

Dean A. Andrews, Jr., New Orleans, La., for defendant Mary Williams.

**J. SKELLY WRIGHT, District Judge.**

Plaintiff Prudential Insurance Company has deposited with the Clerk of Court the proceeds of two life insurance policies issued on the life of one Emmett McFerrin, Jr., and has named as defendants two claimants to the fund, one Mary Williams, mother-in-law of the assured, and one Emma G. McFerrin, mother of the assured.[1] Mrs. McFerrin is named as a defendant individually and as guardian of Donald Joseph McFerrin, minor son of the assured.

The original beneficiary on the policy was the assured's mother. Subsequently both policies were endorsed to show his wife, Dorothy E. McFerrin, as beneficiary. On her death, both policies were again endorsed, on May 27, 1949, to show Mary Williams, mother-in-law, as beneficiary. In this endorsement it is recorded that Mary Williams was made beneficiary because assured's seven-month-old child was then living with her and "if anything were to happen to the insured, the in-laws would naturally have to take care of the child, which they are doing at the present time."

Sometime later, the assured, with his baby, left New Orleans and returned to his mother's home in Indiana, where he was living with the child at the time of his death on August 30, 1952. On September 24, 1952, his mother filed a claim with the plaintiff insurer for the proceeds of the policies in suit. The mother, Mrs. McFerrin, has also been duly appointed by the courts of Indiana, her residence and that of the minor child, Donald Joseph McFerrin, guardian of the said minor, and in her answer filed in these proceedings, claims the proceeds of the policies in that capacity.

The policies in suit provide that if the beneficiary does not make a claim in sixty days after death of the assured, the insurer may make payment of the proceeds to the assured's executor or administrator or to "any of the Insured's relatives by blood or connections by marriage appearing to the Company to be equitably entitled thereto." The defendant, Mary Williams, did not make claim on the policy until December 4, 1952, and the company, in these proceedings, has indicated that if the court decides that neither Mrs. Williams nor Mrs. McFerrin individually is entitled to the proceeds of the policies, then the company elects to pay the proceeds to Donald Joseph McFerrin, minor son of the deceased assured, through his duly appointed guardian.

The defendant, McFerrin, in her individual capacity, has in effect abandoned her claim to the proceeds of the policies, stating that at the time she filed her claim with the company, she was unaware that she was no longer the named beneficiary thereon. Asserting her claim as guardian of the minor son of the deceased assured, however, she argues that the claim of Mary Williams filed with the insurer more than sixty days after the assured's death comes too late under the specific provisions of the policy, and that the assured's minor son is equitably

---

1. This action is brought under the interpleader statute, 28 U.S.C. § 1335, and jurisdiction is founded on the diverse citizenship of the defendant, Mary Williams, a resident of Louisiana, and the defendant, Emma G. McFerrin, a resident of Indiana.

entitled to the proceeds. She asserts further that Mary Williams had no insurable interest in the life of the assured and that, therefore, she could not be a beneficiary under the policy. Supporting this argument, the defendant McFerrin contends that the endorsement of Mary Williams as beneficiary under the policy was, as the endorsement itself indicates, an attempt on the part of the assured to provide for his minor son, and that, therefore, in effect and in law, the minor son was the actual beneficiary under the policies.

The defendant Mary Williams makes the contention that the sixty-day limit on filing claim for the proceeds of the policy would have no application where, as here, the beneficiary was not advised of the death of the assured until after the sixty days had elapsed. She shows that her first notice of McFerrin's death came to her by letter dated October 27, 1952 from McFerrin's mother, the defendant Mrs. Emma G. McFerrin, and that within sixty days from that date, she did file a claim with the insurer.

■ At the outset, it may be well to determine the law of which state should be applied to this case. Since the suit is filed in the state of Louisiana, the federal court sitting there will apply the conflict of law rule of that state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481. Under Louisiana law, the law of the state where the policy is delivered is the law governing the policy. LSA–C.C. art. 10; Metropolitan Life Ins. Co. v. Anderson, D.C., 101 F.Supp. 808; Landry v. Mutual Life Ins. Co. of New York, D.C., 54 F.Supp. 356; Wheat v. White, D.C., 38 F.Supp. 796; City of Shreveport v. New York Life Ins. Co., 141 La. 360, 75 So. 80; Lowery v. Zorn, La.App., 157 So. 826. Since this policy was delivered to the assured, Emmett McFerrin, Jr., a resident of Indiana, in Indiana, the law of that state governs the policy. If there is no law in Indiana, statutory or jurisprudential, which may be applied to this policy, this court must nevertheless attempt to decide the case as the courts in Indiana would have, had the case been presented there. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Cooper v. American Airlines, Inc., 2 Cir., 149 F.2d 355, 162 A.L.R. 318.

■ Considering first the question of the necessity of an insurable interest on the part of the putative beneficiary, Mary Williams, it is clear from the statutes and jurisprudence of the State of Indiana that no insurable interest is required. 8 Burns' Ind.Stat.Ann. § 39–4210; Oleska v. Kotur, 113 Ind.App. 428, 48 N.E.2d 88; Salem Lodge No. 21, F. & A. M. v. Swails, 209 Ind. 347, 197 N.E. 837, 108 A.L.R. 444. The requirement of insurable interest is designed to prevent wagering contracts. It also tends to prevent possible frauds on insurers by beneficiaries having no interest in the continued existence of the insured. That principle has no validity where, as here, the beneficiary in question is not the original beneficiary and where the assured himself contracts to pay, and pays, the premiums on the policy. Salem Lodge No. 21, F. & A. M. v. Swails, supra.

■■ The claim of Mary Williams must fail, not because she had no insurable interest in the life of the assured, but because she failed to make claim on the policy within the sixty-day period specifically provided therein, or within a reasonable time after receiving notice of the death of the assured. It appears from the evidence that Mary Williams was not advised of the death of the assured until almost two months after he died, and on that basis should not be held to the sixty-day requirement of the policy. Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N.E. 513, 41 L.R.A.,N.S., 285; Trippe v. Provident Fund Soc., 140 N.Y. 23, 35 N.E. 316, 22 L.R.A. 432; Munz v. Standard Life & Accident Ins. Co., 26 Utah 69, 72 P. 182, 62 L.R.A. 485. Having been advised,

however, on October 28, 1952, she nevertheless waited until December 4, 1952 to file her claim. In the circumstances of this case, her delay was unreasonable. 29 Am.Jur., Insurance, §§ 1104, 1105, 1111; Woodmen Acc. Ass'n v. Byers, 62 Neb. 673, 87 N.W. 546, 55 L.R.A. 291.

It is true that some courts, under circumstances foreign to this case, will strain to avoid the inequity of a strict application of the limitation provision of the policy. But here there is no basis for straining. When the assured made Mary Williams the beneficiary on the policy, the endorsement itself clearly indicated that it was his child who should receive the benefit of the proceeds. Mary Williams was named merely because she, at the time, was taking care of the child. That circumstance, however, was not long continued. Months before the assured's death, he went back, with his child, to live with his mother, the defendant, Emma G. McFerrin.

Since his untimely death, the defendant McFerrin has incurred the expense of burying her son, has undertaken the responsibility of rearing his child, and has been named legal guardian of the child by the courts of Indiana. If this court were to do any straining, it should make every effort to see that this modest sum [2] is preserved for the assured's minor son. This end may best be accomplished by placing the proceeds with his custodian and legal guardian, whose conduct is under the supervision of the courts of Indiana. The insurer indicates in these proceedings that if its right under the provisions of the policy is recognized, in the absence of a valid claim within sixty days, to make payment to any of the assured's relatives by blood who may be equitably entitled thereto, it exercises that right in favor of the minor child. Such disposition would be in keeping with the expressed intention of the assured when the endorsement to Mary Williams as beneficiary was made.

 It is ordered, therefore, that the funds in suit, minus attorneys' fees of $150 to plaintiff's counsel, be paid to the guardian of the assured's minor son, and that the claims of Mary Williams and Emma G. McFerrin, individually, be dismissed.