Mary WILLIAMS, Appellant,

v.

Emma G. McFERRIN, Guardian of Assured's Minor Son, Donald Joseph McFerrin, et al., Appellees.

No. 16128.

United States Court of Appeals Fifth Circuit.

Feb. 21, 1957.

Rehearing Denied April 3, 1957.

Dean A. Andrews, Jr., New Orleans, La., for appellant.

Nolan Kammer, Thomas B. Wheeler, New Orleans, La., Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., of counsel, for appellee.

Before RIVES, TUTTLE and JOHN R. BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment of the court without a jury in an interpleader suit brought by the appellee insurance company against the appellant, the named beneficiary of two insurance policies, and against the other appellee individually and as guardian of the minor son of the assured; judgment was entered against the appellant on the ground that she had failed to file her claim within the period provided for in the policy or within a reasonable time after she learned of assured's death.

The Prudential Life Insurance Company of America in 1944 and 1945, in Indiana, issued two $500 policies to Mr. Emmett McFerrin, Jr., the original named beneficiary being his mother, Mrs. Emma G. McFerrin. After assured's marriage the policies were endorsed to show his wife as beneficiary. Upon her death their child, Donald Joseph McFerrin, was taken to live with her mother, Mrs. Mary Williams, the appellant, and at that time the policies were once more endorsed to show the latter as beneficiary.[1]

---

1. Though the actual policies were unfortunately not made part of the record on appeal it seems that the endorsement on the policy itself merely reflected the change in beneficiary, while the request for the change stated in part that "if anything were to happen to the insured, the in-laws would naturally have to take

Sometime later the assured took his child from his mother-in-law's home in New Orleans and returned to his mother's home in Indiana, where he was staying with the child at the time of his death on August 30, 1952. No further changes were recorded on the policies. Mrs. McFerrin was appointed guardian of her grandson, assured's son, by the Indiana courts.

The policies in suit provide that if the beneficiary does not make a claim within sixty days after the death of the assured the insurer may make payment of the proceeds to the assured's executor or administrator or to "any of the Insured's relatives by blood or marriage appearing to the Company to be equitably entitled thereto."

On September 24, 1952, Mrs. McFerrin filed a claim with the company for the proceeds of the policies, evidently believing that she was still or again the named beneficiary. This claim was declined by the company.

On October 27th, 58 days after the assured's death, Mrs. McFerrin informed Mrs. Williams of the event, by means of a letter which reached the appellant a day or so later. Thereupon appellant requested claim forms from the company and obtained proof of death from Indiana, and then filed the claim form with the company on December 4, 1952, 95 days after the death and 36 or 37 days after she received notice of it. This claim too was declined by the company on several grounds; principal among which was the delay in filing beyond the 60 day limit permitted by the policies.

Both claimants thereupon filed separate suits against the company in their respective state courts, whereupon the company brought this interpleader action in the federal district court for the Eastern District of Louisiana under the

provisions of 28 U.S.C.A. § 1335. Both claimants answered, Mrs. McFerrin claiming both in her individual capacity and as guardian of the assured's minor son. The district court dismissed the individual claims of both assured's mother and mother-in-law, that of the former because she was no longer a named beneficiary, and that of the latter for failure to file a claim within a reasonable time of receiving notice of death, as required by Indiana case law for policies providing for filing within a limited time period if the beneficiary remains ignorant of the event for some time, and awarded the proceeds to Mrs. McFerrin as guardian of Donald Joseph McFerrin.[2]

 The district court correctly stated, and appellant does not dispute, that under Louisiana conflict of laws principles, applicable since interpleader comes under the diversity jurisdiction of the federal courts,[3] Indiana law must be applied to determine rights under an insurance policy issued in Indiana. Appellant, however, contends that the trial court misapplied Indiana law in holding that the 36 day delay in filing the claim after appellant had notice of death, which carried her 35 days beyond the limit of 60 fixed by the policy, was unreasonable as a matter of law.

We cannot agree with appellant's contention or with her interpretation of the principal Indiana cases cited by her: Equitable Life Ins. Co. of United States v. Kellemen, 224 Ind. 526, 69 N.E.2d 244; Supreme Tent, Knights of the Maccabees of the World v. Ethridge, 43 Ind.App. 475, 87 N.E. 1049; Peele v. Provident Fund Society, 147 Ind. 543, 44 N.E. 661, affirmed on reargument 46 N.E. 990; Insurance Co. of North America v. Brim, 111 Ind. 281, 12 N.E. 315. None of the cases are directly in point. The Kellemen case is somewhat

---

care of the child, which they are doing at the present time." In the view we take of the case this circumstance is of little significance.

**2.** D.C., 139 F.Supp. 202.

**3.** Old Colony Insurance Co. v. Lampert, D.C.D.N.J., 129 F.Supp. 545, 547, affirmed p.c.mem. 3 Cir., 227 F.2d 520; see also Haynes v. Felder, 5 Cir., 239 F.2d 868, 871, and consequently Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

obscure but appears to permit a suit on an industrial group insurance policy where no proof of death was filed within nine months after the event; however there is no showing whether the policy itself provided for any limitation or that the insurance company ever raised the issue of delay itself as a defense. The Ethridge case is also somewhat unclear as to essential details, but appears to hold that where assured disappeared for some time before his death and the local lodge of the fraternal benefit society knew as much about the circumstances of the case as did the beneficiary, the policy would not be forfeited for failure to file within the one year limit provided in the rules of the society—particularly where there was no showing that these rules were in effect during the pertinent period. The Peele case held that where an accidental death policy provided for the filing of a claim within 10 days of the event, the beneficiary wife was present at insured's drowning but the coroner's jury did not return its verdict of accidental death until 11 days after the event, the filing of a claim 5 days later (6 days after the terminal date set in the policy) was not unreasonable. The case also cited previous Indiana decisions for the proposition that: "What constitutes reasonable diligence or reasonable notice must depend on all the circumstances of each particular case" and that where the facts are not in dispute the question of reasonableness is a matter of law for the court. The Brim case, from which most of the principles cited in the above cases were taken, held that where a fire insurance policy required notice forthwith, notice given after 13 days was, under the circumstances of the case, not unreasonable as a matter of law.

Other cases in this area decided and relied on by the Indiana courts also do not adequately support appellant's position, nor do they throw much light on the present question. In Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N.E. 513, 41 L.R.A.,N.S., 285, where the policy fixed no time limit for filing a claim and thus the law implied a reasonable time, recovery was permitted where the death had occurred two years earlier but was unknown to the relations and beneficiaries (as was the very existence of the policies) and the administrator filed a claim 34 days after his appointment, *and the company at that time made no objection on the ground of the lapse of time.* Germania Fire Insurance Co. v. Deckard, 3 Ind. App. 361, 28 N.E. 868, held that where a fire insurance policy required forthwith notice, claim filed within 15 days was not unreasonable as a matter of law where the complaint asserted, in an undenied allegation, that the notice was forthwith; on the other hand Pickels v. Phoenix Ins. Co., 119 Ind. 291, 21 N.E. 898, held that an unexplained 50 day delay in filing where the fire insurance policy required forthwith notice was unreasonable, and Railway Pass Assurance Co. of Hartford v. Burwell, 44 Ind. 460, appeared to find a 6 day delay in reporting fire damage unreasonable. Finally in Trippe v. Provident Fund Society, 3 Misc. 445, 23 N.Y.S. 173, affirmed 140 N.Y. 23, 35 N.E. 316, 22 L.R.A. 432, a case frequently cited by the Indiana courts and also mentioned by the court below, it was held that where an accidental death policy required notice within 10 days, and insured's body was not found until three days after the collapse of a building, a filing 8 days later, 11 days after the death, was not unreasonably late.

It is thus established that Indiana law will not absolutely require filing within the limits set by the policy, particularly where the beneficiary remains ignorant for some time after the event of some essential fact required to establish the claim, but the law does require filing within a reasonable time "depending on all the circumstances of each particular case"; however, none of the cases cited above sufficiently support appellant's contention that under Indiana law a 36 day delay in filing is reasonable if no fact appears on the record to justify the length of that

period. The only explanation suggested by appellant, in her brief on appeal, is that it took her time to obtain the claim forms and then proof of death from Indiana. But these and all other possible excuses were for consideration of the trial judge, and where nothing appears to show that he failed to give them sufficient weight, and nothing in the record shows any excuse that would be reasonable as a matter of law, we cannot say that the court erred in finding the delay unreasonable. Since it is appellant who is seeking relief from her violation of a condition of the policy the burden is clearly on her to prove the reasonableness of her action (particularly in view of the point discussed below) and this she clearly did not do.

■ There is yet another consideration alluded to by the trial court. In all the cases considered above in which courts have granted relief to beneficiaries of insurance policies who had failed to file their claims as required by a strict interpretation of the contract, one of the principal bases and rationales of the decision was the strong judicial policy against forfeitures. Since in most instances the purpose of a provision for quick notice is to enable the insurance company to conduct whatever investigation it believes necessary under the circumstances of the loss, claimants will be permitted to recover where the delayed notice has not been due to their fault and where it appears that the insurer was not actually prejudiced thereby, e. g. where he had independent notice of the accident; courts have resisted attempts by insurers to advance purely technical defenses to avoid risks freely assumed. Here the situation is different for the effect of the 60 day limitation is not to create a forfeiture but to enable the insurer to determine within a limited time whether the named beneficiary wishes to assert a claim, in the absence of which payment will be made to the administrator or next of kin of the assured.

■ This consideration also disposes of appellant's contention that the insurance company and the other appellees are in no position to rely on the 60 day limitation provision since the company had actual notice of assured's death through the earlier filing of the claim by Mrs. McFerrin. Since the primary purpose of this clause is apparently not so much to assure the company of early notice of the death but to enable it to determine quickly who the possible claimants of the proceeds of the policy will be, appellant's failure to file her claim within a reasonable time of her own knowledge of the death now precludes her from recovery in spite of the company's earlier knowledge of that event. The fact that the company also knew that she was the named beneficiary is of no significance since it was under no obligation to inform her or to urge her to make a claim, and could well assume from her failure to do so within the time allowed by the policy that she wished to waive her claim in favor of the natural beneficiary.

The judgment of the district court is Affirmed.