125 So.2d 785 (1961)
Leighton GONZALES
v.
BEAUMONT CEMENT SALES COMPANY and the Employers' Insurance Company.
No. 21542.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1961.
*786 Schoenberger & Petrovich, Luke A. Petrovich, Buras, for plaintiff-appellee.
Drury & Lozes, Felicien P. Lozes, New Orleans, for defendants-appellants.
YARRUT, Judge.
Defendants-appellants, the insured and insurer, appeal from a judgment awarding plaintiff $462.50 property damage resulting from a collision between the motor vehicles of plaintiff and insured. Reference to defendant will be to the insured.
The testimony was not transcribed. In lieu thereof, the parties stipulated the facts, which we understand as follows:
At 4:15 a. m., December 25, 1956, plaintiff's automobile, travelling on the highway, on its way to New Orleans, was damaged when defendant's automobile, described as a "carry-all", driven by an employee rammed it in the rear.
While it is conceded the collision was due solely to the negligence of defendant's employee, who was intoxicated at the time, defendant-insured denies liability for the reasons: The "carry-all" was stolen by the employee-driver, and its use at the time was not in the course of his employment. The insurer urges that the standard omnibus clause of its insurance contract provides for coverage of persons, other than the named insured, only if such others use the vehicle with the permission of the named insured; that, since the employee gained possession of the "carry-all" by theft, it has no liability under the omnibus clause.
While the record in a criminal prosecution is not admissible in a civil action, except for impeachment purposes, all parties here consented to its introduction. The criminal record shows the employee was sentenced to a year at hard labor upon his plea of guilty to theft of the "carry-all". However, we shall pretermit the criminal record for the moment, and consider only the facts as disclosed by the stipulation, and the applicable law, in determining whether the employee was using defendant's "carry-all" with its permission, actual or implied, at the time of the collision. This answer must be ascertained from all the facts and circumstances surrounding the use of the "carry-all" by the employee. Talbot v. Allstate Ins. Co., La.App., 76 So.2d 76.
Our jurisprudence has established that "initial permission" is sufficient to activate the omnibus clause, notwithstanding some subsequent unauthorized use. Sun Underwriters Ins. Co. v. Standard Accident Ins. Co. of Detroit, Mich., La.App., 47 So. 2d 133; Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744; Parks v. Hall, 189 La. 849, 181 So. 191.
The record does not reveal any "initial permission" by defendant to its employee. The office manager in charge of the vehicle did not give him permission to use it. The manager stated that the "carry-all" involved was used only by its tool pushers; the employee in question was not a tool pusher and had never driven a "carry-all" before. The particular "carry-all" involved here was reserved for a specific tool pusher who, at the time, was working offshore. It was not shown that he gave the employee permission to use the "carry-all". Further, no other company employee, empowered to authorize use of the "carry-all", was shown to have done so. This lack of "initial permission" thus relieves insurer from liability under the omnibus clause.
As to the liability of the insured, it is necessary to determine only whether the employee was on his own or his employer's business, because their relationship was that *787 of employer and employee, the onus of proof resting on the employer.
The accident occurred at 4:15 a. m., Christmas morning, long after the employee had finished his day's work; the use of a "carry-all" was no part of his duty. Adverting now to the criminal record, had he been on the employer's business, he would not have had to steal the "carry-all", nor confess thereto, nor suffer sentence to the penitentiary. In addition to the confession of the theft, the employee's possession and use was a violation of the exclusive assignment of the "carry-all" to a particular tool pusher. Hence, defendant is not liable, having sustained the burden of proof. Sun Underwriters Ins. Co. v. Standard Accident Ins. Co. of Detroit, Mich., La.App., 47 So. 2d 133.
For the reasons assigned, the judgment appealed from is reversed and plaintiff's suit is dismissed, at plaintiff's cost.
Reversed.
REGAN, J., concurs.