**EAGLE FIRE INSURANCE COMPANY OF NEW YORK**

v.

**Mrs. H. J. HASKINS, Sylvia H. Hayes, and W. E. Hayes.**

**Civ. A. No. 9900.**

United States District Court
W. D. Louisiana,
Shreveport Division.

April 16, 1965.

Ronald L. Davis, Jr., Theus, Grisham, Davis, Leigh & Brown, Monroe, La., for plaintiff.

Gayle K. Hamilton, William M. Cady, III, Stagg, Cady, Johnson & Haygood, Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

Pursuant to 28 U.S.C.A. § 1335 Eagle Fire Insurance Company of New York (Eagle) filed this interpleader action against persons having claims against Eagle as a result of injuries they received in an automobile accident which occurred August 17, 1963, near Ruston, Louisiana. Eagle denies that the negligent driver was covered under the omnibus clause of its policy, while the injured parties contend that the negligent driver was an omnibus insured of Eagle.

Some of the claims against Eagle having been settled, the remaining claimants are Mrs. H. J. Haskins, Mrs. Sylvia Hayes and William E. Hayes. They were occupants of an automobile which collided with another automobile owned by Myrtle Lorenz and being operated by Mrs. Beatrice Austin. At the time of the accident there was in existence a policy of standard automobile liability insurance issued by Eagle to Myrtle Lorenz. The omnibus clause of that policy included among those regarded as persons insured "any other person using such automobile, provided the *actual use* thereof is with the

permission of the named insured[.]" (Emphasis added.) It is undisputed that the negligence of Mrs. Austin caused the accident; the dispute is whether she was an omnibus insured.

Myrtle Lorenz, a resident of Texas, took out the policy of Insurance with Eagle when she bought her car in Texas in 1961, and she has renewed the policy each year since that time. Eagle is an insurance corporation organized under the laws of New York and doing business in Texas and Louisiana. The policy in question was issued in Texas and has been renewed in Texas.

Mrs. Austin, like Miss Lorenz, is a resident of Dallas, Texas. Miss Lorenz first loaned her car to Mr. and Mrs. Austin the first part of August, 1963, while she was on a vacation. She returned from her vacation August 12th or 13th, and she agreed to let Mrs. Austin keep her car until August 17th, since Mrs. Austin's car was in need of repair. August 17 Mr. Austin contacted Miss Lorenz and asked permission to use the car for a trip to Possum Kingdom, Texas, approximately 100 miles West of Dallas. Instead of going there, however, the Austins travelled approximately 265 miles East of Dallas to Ruston, Louisiana, where the accident occurred.

The first issue presented is whether the law of Louisiana or of Texas applies in determining whether Mrs. Austin was an omnibus insured. In diversity cases in Federal courts the conflicts of law rule of the forum state must be applied. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941); Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941). Eagle contends that the law of the state where an insurance policy is delivered governs, relying on Employers Mutual Liability Insurance Co. v. Houston Fire & Casualty Insurance Co., 194 F.Supp. 828 (W.D.La. 1961).

Claimants contend that case does not control since in that case Arkansas was both the place of issuance of the policy and the place of the accident. They argue that since the accident here occurred in Louisiana, the public policy of Louisiana as expressed in LSA–R.S. 22:655 (1950) demands application of the law of the accident situs.

There can be no doubt that Louisiana courts apply the so-called "liberal rule" in interpreting an omnibus clause so that once initial permission to use an automobile is shown, the person to whom such permission is given remains an omnibus insured despite some subsequent deviation or unauthorized use. Continental Casualty Co. v. Quebedeaux, 234 F.2d 241 (5 Cir. 1956); Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744 (1950); Gonzales v. Beaumont Cement Sales Co., 125 So.2d 785 (La.App. 4th Cir. 1961). Nonetheless, we think Louisiana courts would not apply Louisiana law to the insurance policy before us.

The Louisiana conflicts rule is that the law of the state where the policy is delivered governs interpretation of the policy. Williams v. McFerrin, 242 F. 2d 53 (5 Cir. 1957); Employers Mutual Liability Insurance Co. v. Houston Fire & Casualty Insurance Co., supra; Prudential Insurance Company of America v. Williams, 139 F.Supp. 202 (E.D.La. 1956). We do not think LSA–R.S. 22: 655 reflects a public policy requiring application of a different rule, and Louisiana courts have never announced the existence of any such policy.

Here we have an insurance policy executed, delivered and renewed in Texas to a resident of Texas by a New York corporation doing business in Texas. Permission to use the insured vehicle was given in Texas to another resident of Texas, and the intended use was in Texas. The only contact Louisiana had with the policy is that the accident occurred here. While that occurrence would be sufficient to permit a direct action against the insurer in Louisiana under LSA–R.S. 22:655, we do not think it is sufficient to require application of Louisiana law to a proper interpretation of the language of the contract.

Therefore, we look to the law of Texas, the state in which the policy was executed and delivered, to determine whether Mrs. Austin was an omnibus insured. The most recent jurisprudence shows that Texas follows neither the "liberal" nor the "strict" rule, but rather the so-called "minor deviation rule." Under that rule once initial permission is given to a person to use an automobile, he remains an omnibus insured for any use reasonably within the intention of the parties, and he is not excluded from coverage because of a minor or immaterial deviation. See Aetna Insurance Co. v. Weatherford, 370 S.W.2d 100 (Tex.Civ. App.1963); Sheppard v. Employers Casualty Co., 365 S.W.2d 367 (Tex.Civ. App.1963); Olgin v. Employers Mut. Casualty Co., 228 S.W.2d 552 (Tex.Civ. App.1950).

Here we think the use of the insured vehicle by Mrs. Austin constituted much more than a "minor deviation." Prior to the day before the accident, Miss Lorenz permitted the Austins to use her automobile in the city of Dallas, but no request had been made to use it outside the city. On the day before the accident Mr. Austin asked permission to drive the car to Possum Kingdom, Texas. No mention was made of any intention to take the car to any other destination. Instead of going West 100 miles to Possum Kingdom as was indicated, the Austins went almost three times that distance in the opposite direction and to another state where the accident occurred.

While Miss Lorenz testified by way of deposition that the Austins had possession of her car with her "full permission," we think that her testimony, taken as a whole, shows that she intended to give permission to use the car only for the trip to Possum Kingdom. We hold, therefore, that Mrs. Austin was engaged in more than a "minor deviation" at the time of the accident, and thus she was not an omnibus insured under the applicable Texas law. Consequently, there is no coverage under the policy issued by Eagle.

For these reasons judgment will be entered in favor of Eagle Fire Insurance Company of New York dismissing the claims of Mrs. H. J. Haskins, Mrs. Sylvia Hayes and William E. Hayes, at their cost. An appropriate decree should be prepared and presented by attorneys for Eagle.