**Kay Frances DAVIS**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

**Civ. A. No. 67–2.**

United States District Court
E. D. Louisiana.
Baton Rouge Division.
May 26, 1967.

Dan A. Spencer, Shreveport, La., for plaintiff.

Dermot S. McGlinchey, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

WEST, District Judge:

Plaintiff, Kay Frances Davis, brings this suit in her individual capacity and as natural tutrix of her minor children to recover the proceeds of an insurance

policy allegedly due as a result of the death of her husband, Daniel W. Davis. On October 20, 1966, Daniel W. Davis was killed while a passenger in a helicopter owned and operated by Petroleum Helicopters, Inc., but chartered to Trunkline Gas Company and used by it and its affiliated companies. Defendant, Insurance Company of North America, had in full force and effect a policy of insurance issued to Trunkline Gas Company and certain affiliated companies, including Panhandle Eastern Pipeline Company, Anadarko Production Company, Century Refining Company, and National Helium Corporation. This policy was, in the main, a liability policy insuring the named assureds against liability for personal injury or death caused by an occurrence and arising out of the ownership, maintenance, or use of the aircraft covered by the policy. There is no dispute over the fact that the aircraft in which Daniel W. Davis was killed was covered by the policy in question. The dispute arises out of Coverage D of the policy which reads, in pertinent part, as follows:

"Coverage D—Admitted Liability and Weekly Indemnity

"That the company's limit of liability under Coverage B for each person, as recorded in Condition #1 shall be offered in payment by the company, to the extent of the applicable limit of liability hereinafter indicated in the Schedule of Benefits, in full settlement of any claim because of bodily injury sustained by a passenger (as defined in the policy) carried in an insured aircraft whether or not the insured is legally liable in respect of such bodily injury claim, provided (a) bodily injury results in loss of life, dismemberment or disability as described in the Schedule of Benefits, and (b) the injured passenger, or any persons claiming by, through, or under him, shall first execute a full release of all claims for damages against the insured in the manner required by the company. The word 'passenger' shall include any employee of the in-

sured, whether or not such injury is sustained while such employee is engaged in the employment of the insured. Where bodily injury is sustained by an employee while engaged in the employment of the insured, such employee, or any persons claiming by, through or under him, shall not be required to release the insured in respect of claims under any workmen's compensation law.

"In the event the injured passenger or any persons claiming by, through or under him shall fail to accept in writing within thirty days from the date of offer, the voluntary payment offered under the declarations of this policy, the company will be no longer bound by the undertakings expressed in this coverage and this policy shall operate as though this coverage had never been issued."

Some time after the death of Daniel W. Davis, the defendant, Insurance Company of North America, pursuant to the provisions of Coverage D, sent the following letter to plaintiff's attorney, offering a payment of $100,000 in return for a release to be signed by all persons claiming under Mr. Davis:

"December 28, 1966

"Attorney Dan Spencer
Suite 7—Dixie Building
1639 Kings Highway
Shreveport, Louisiana 71103

"Re: File No.: Ref. #L–4255
Insured : Trunkline Gas Company
Claimant: Daniel Davis
D/Event: October 20, 1966

"Dear Mr. Spencer:

"Please find enclosed a proposed form of release. This will constitute Insurance Company of North America's offer to pay the $100,000 liability under Coverage D of Air Craft Policy #ANM 77140. As provided in the policy we will expect those persons claiming under Mr. Davis to execute the release in the form attached hereto.

"An appropriate court order, authorizing the representatives of the minors

to accept this offer and to execute a document containing the release must be furnished to us.

"The attorneys who are handling this matter for us are Deutsch, Kerrigan & Stiles, Hibernia Building, New Orleans, Louisiana 70112, and they will be glad to cooperate with your attorneys in bringing it to a conclusion.

"If you do not accept in writing this offer of voluntary payment under Coverage D of the foregoing policy within thirty days from the date hereof, we shall no longer be bound by the undertakings expressed in this coverage and this policy shall operate as though this coverage had never been issued.

"Very truly yours,

"John M. Collins
 Manager
 Policy holders Service

"JMC/lea
 Encls.

"cc: Mrs. Kay Francis Davis
     1223 Holiday Place
     Bossier City, Louisiana."

The enclosed release reads as follows:

"RECEIPT AND RELEASE

"KNOW ALL MEN BY THESE PRESENTS:

"That the undersigned, Kay Frances Davis, widow of Daniel W. Davis, individually and on behalf of the minors, Beverly Kay Davis, Sandra Lee Davis, Becky Carol Davis and Linda Ann Davis, residents of the Parish of Caddo, State of Louisiana, for and in consideration of the sum of one hundred thousand and 00/100 ($100,000.00) dollars, paid to her individually and in behalf of said minors by Insurance Company of North America on its own behalf, under its policy ANM 77140, and on behalf of Panhandle Eastern Pipe Line Company, Andarko Production Co., Century Refining Co., National Helium Corp. and Trunkline Gas Company, receipt of which is hereby acknowledged, does hereby for herself, her heirs, administrators and assigns and for and on behalf of the aforesaid minors as authorized by the judgment of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, dated December   , 1966, a certified copy of which is attached hereto, forever compromise, release, acquit and discharge Insurance Company of North America, Panhandle Eastern Pipe Line Company, Andarko Production Co., Century Refining Co., National Helium Corp. and Trunkline Gas Company from and against any and all claims under said policy ANM 7 7140 and all claims for personal injuries, property damage, medical expenses or any other claim whatsoever arising out of or in any way relating to the death of Daniel W. Davis which resulted from a helicopter crash on or about October 20, 1966 near Leland, Mississippi, including but not limited to those matters asserted in the action entitled Kay Francis Davis vs. Insurance Company of North America, No. 117–222 on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and she does hereby authorize her counsel of record, Dan A. Spencer, Esq., to have the said suit dismissed with prejudice, each party to bear her or its own respective costs.

"THUS DONE AND EXECUTED in triplicate original in the City of _____, Louisiana, on this  day of December, 1966.

> KAY FRANCES DAVIS,
> Individually and as tutrix of the minors, Beverly Kay Davis, Sandra Lee Davis, Becky Carol Davis and Linda Ann Davis"

"WITNESSES:

Plaintiff refused to sign this release on the grounds that to do so would amount to a complete release of all third parties, even though they were not insured under the policy in question. Such a release, plaintiff contends, would release Petroleum Helicopters, Inc., for instance, who was not covered by the policy

in question and against whom plaintiff believes she has a valid cause of action. Defendant contends, on the other hand, that it has the right to demand a "full release" in return for the $100,000 payment. Both sides have moved for summary judgment, and it is on these motions that the matter is now considered by this Court.

It is the opinion of this Court that plaintiff's motion for summary judgment should, in all respects, be granted, and that defendant's motion for summary judgment should be denied.

First of all, there is a question as to whether the law of Louisiana, Texas, or some other state should apply. Federal Courts must apply the conflicts of laws rule of the forum in a diversity case. Klaxon Company v. Stentor Electric Manufacturing Company, Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Louisiana the conflicts rule is that the law of the place where the insurance policy is delivered must govern. LSA–R.C.C. Art. 10; Employers Mutual Liability Insurance Co. v. Houston Fire & Casualty Insurance Co., 194 F.Supp. 828 (W.D.La.1961); Prudential Insurance Company v. Williams, 139 F. Supp. 202 (E.D.La.1956), aff. Williams v. McFerrin, 242 F.2d 53; Harmon v. Lumbermens Mutual Insurance Company, La.App., 164 So.2d 397 (2nd Cir. 1964); Eagle Fire Insurance Company of New York v. Haskins, 240 F.Supp. 283 (W.D.La.1965). The Court finds, as a fact, that the policy in question was delivered to Trunkline Gas Company in Houston, Texas, and therefore the law of Texas must apply.

With regard to the release required by defendant, the Court finds that it is entirely too broad and to require such a release is in violation of the terms of Coverage D of the policy. It is the opinion of this Court that refusal to pay to plaintiff the amount obviously due under this policy on the grounds that the release required, not by the policy, but by the defendant, constitutes an ar-

bitrary and capricious refusal to pay. The defendant is aware of the fact that the plaintiff believes she has a claim which she can assert against Petroleum Helicopters, Inc., and that if she signed the release required by the defendant, she would be met with that release as a defense to any such claim. The fact cannot be overlooked that the defendant has an interest in defeating such a claim against Petroleum Helicopters, Inc. because of the fact that by virtue of *another* policy of insurance this same defendant insures Petroleum Helicopters, Inc. Coverage D only requires that the plaintiff, in order to be entitled to receive the $100,000, execute a "full release of all claims for damages *against the insured* * * * ". The release demanded by the defendant does more than this, and for obvious reasons. It requires a release of " * * * all claims for personal injuries, property damage, medical expenses or *any other claim whatsoever arising out of or in any way relating to the death of Daniel W. Davis which resulted from a helicopter crash on or about October 20, 1966* * * * ".

To require the plaintiff to execute this release as a condition precedent to receiving the money due under Coverage D of the policy in question was an arbitrary and unreasonable requirement not called for by the terms of the policy.

Since the Court finds that the offer of the defendant to pay the proceeds of Coverage D was not a good faith offer in accordance with the terms of the policy, it goes without saying that plaintiff's failure to accept the offer within thirty (30) days thereof does not preclude her now from recovering under the provisions of Coverage D of the policy.

Lastly, as to the penalties and attorney's fees now demanded by plaintiff, the Court is of the opinion that under Texas law, she is entitled to recover both penalty and attorney's fees. Under Article 3.62 of the Insurance Code of Texas, an insurer who fails to pay a loss due under an accident or life insurance policy within thirty (30) days after demand is li-

able for an additional amount of twelve (12%) per cent of the amount of the loss, together with reasonable attorney's fees. This penalty is assessed for the failure to pay within thirty (30) days, no matter how justified the refusal to pay may have seemed, if in fact the insurer is ultimately found liable for the loss. Lumbermens Mutual Casualty Company v. Klotz, 251 F.2d 499 (C.A. 5, 1958); First National Life Insurance Company v. Vititow, Tex.Civ.App., 323 S.W.2d 313 (1959); Trinity Reserve Life Insurance Company v. Hicks, Tex.Civ. App., 297 S.W.2d 345 (1957).

Even though the policy here in question is mainly a liability policy, it is the opinion of this Court that Coverage D is in itself an accident policy such as to come within the purview of Article 3.62 of the Insurance Code of Texas. It will be noted that under Coverage D payment of the amount therein provided for is not conditioned upon the liability of the assured. The Company, under Coverage D, agrees to pay the benefits therein provided for *"whether or not the insured is legally liable."* This provision is, in some respects, similar to medical pay provisions of an automobile liability policy, which provisions have, on many occasions, been held to be in the nature of an accident policy, separate and apart from the liability coverage of the policy.

Thus, it is the opinion of this Court that the plaintiff's motion for summary judgment should in all respects be granted, and that she should have judgment against the defendant for the sum of $100,000, together with twelve (12%) per cent thereof as penalty as provided for by Texas law. Plaintiff should also have judgment for reasonable attorney's fee, and if the amount of fee cannot be agreed upon by counsel, the right is hereby reserved to plaintiff to present evidence to this Court in order that a determination might be made by the Court as to the amount of fee that should be awarded.

Judgment will be entered accordingly.